*Trimble and wife* vs. *Hensley, adm'r.*

TRIMBLE AND WIFE vs. HENSLEY, Adm'r.

A devise of a slave to "one and her heirs," vests an absolute estate in the devisee.

## ERROR to Callaway Circuit Court.

**J. F. JONES,** *for Plaintiffs, insists:*

1st. That in the construction of a will, the intention of the testator shall be strictly adhered to, that all other considerations shall yield to this when practicable, and that every substantial and material word therein used shall be construed to have some meaning. See Minot's Digest, page 737-1. 4th Mass. 214 and 6. 1st Met. 446.

2nd. That where the terms " heirs," " heirs and assigns," and " heirs and assigns forever," are used in a will, as a general rule they mean, and must be construed to mean, the children of the devisee. 4th Pick. 207 and 8.

3rd. That where property is devised to a person, and his or her heirs or children, who at the time of the devise had no child or children in existence—the devisee takes a life estate only, and hence the heirs take by purchase. See 15 Pickering, page 114.

4th. That in case of devise to females where the terms " heirs and assigns forever," are used, the reason for making her estate a life estate only, is much stronger than in the case of males, for in the case of a female devisee, if she have children by two husbands, and the construction of the Court below be correct, her heirs never can take, those only by the first husband will share all the benefit of the bequest to their mother, and those by the second husband, though they be two to one in number, and equally near to the mother, who was the object of the devise, will get nothing. The construction given by the Court below makes a part of the will to mean nothing, and works infinite hardship, injustice and oppression.

**SHELEY,** *for Defendant, insists:*

1st. The gift is too remote for the first taker to take a life estate in the slaves ; the contingency is too remote to be allowed by the policy of the law. Williamson and others vs. Daniel and others, 12 Wheaton Reps. 568 ; Hatton vs. Wrems, 12 Gill & Johnson, 107 ; Danger vs. Chancy, 4 Harris & McHenry, 397 ; Bell vs. Gillespie, 5 Randolph's R. 273 ; Georgia R. 1842—3, 2nd part page 25, Mayer vs. Wiltberger.

2nd. The bequest being to Nancy Bailey and her heirs forever, is too remote, and if the word heirs in the will is construed to mean children, then it is an estate tail—general, which she takes in the slaves, and by the rule of the common law, she is vested with the absolute property in the slaves, as no remainder ever could be limited after an estate tail in personal property. See 2 Blackstone's Com. 113, note 17, where it is laid down that after such a gift or grant, either by deed or will, the first taker becomes vested with the absolute property, and that all subsequent limitations are null and void. See 2 Kent's Com. 286, Williamson and others vs. Daniel and others, 12 Wheaton, 568 ; Griffith vs. Thompson, 1 Leigh's Va. Reps. 330 ; Adams vs. Cruft, 14 Pickering Reps. 252 ; Goodrich vs. Harding and others, 3 Randolph's Reps. 280 ; Nottingham vs. Jennings, 1 Salkeld's Reps. 233 ; Barlow vs. Salter, 17 Vesey's C. R. 479.

3rd. If it be insisted that the intention of the testator should always govern in the construction of wills, in this case the face of the will itself shows that the testator knew apt words to limit an estate, for there is a previous devise to one during life, and after death to her children.

**McBRIDE, J.,** *delivered the opinion of the Court.*

Trimble and wife brought their action in *detinue* against Clark's ad-

ministrator, to recover certain slaves. The evidence shows that Mrs. Trimble was Nancy Bailey, and whilst sole and unmarried, the mother of the slaves in controversy was devised to " *her and her heirs forever,*" by her grand-aunt, Sarah Ann Garner, of Woodford County, Kentucky. At the date of the bequest, Nancy Bailey was of tender years, and the negro girl slave only about two years old. That subsequently, the girl come to the possession of Miss Bailey, and whilst in her possession, she intermarried with Thomas Clark, who acquired possession of the negro girl, and continued to enjoy that possession up to the time of his death, and the defendant, Hensley, holds as his administrator. That Clark left children by his said wife ; that Mrs. Clark intermarried with Trimble, the plaintiff, who now claims the negro woman and her increase under the bequest aforesaid.

The plaintiff then moved the Court for the following instruction :—" If the jury believe from the evidence that Nancy Trimble, one of the plaintiffs in this action, is the identical person to whom the bequest in said will was made, and that the negro slaves sued for are the same that were willed to her, then they shall find for plaintiffs. That said will gives to said Nancy Trimble a life-time estate in said negroes, free from the control of the administrator of her late husband, Thomas Clark, deceased," which the Court refused, and thereupon the plaintiffs took a non suit, with leave to move to set the same aside, but the Court refusing to set aside the same, they have brought the case here by writ of error.

The question raised in the Court below by the instruction asked by the plaintiffs, and now submitted for the decision of this Court, is, what title was vested in Mrs. Trimble, by the will of her aunt, to the property in controversy. The use of the words " *her and her heirs forever,*" is supposed to operate as a limitation upon her title. Such was certainly not the rule of the common law, for at one period of its history it was held that those words were absolutely necessary to create an estate in fee simple. But this particularity in language was never applied to the construction of wills, it being always considered sufficient to vest an absolute estate where it could be fairly deduced from the language of the testator that he so intended. 2 Blk. Com. 110, and following.

It is thought, however, that some aid can be derived from our statute concerning wills. R. C. 1845, p. 1085, §47. This section provides that where the words " heirs and assigns," or " heirs and assigns forever " are omitted, and there is nothing in the will showing an intention on the part of the testator to limit the estate devised, it shall be considered as vesting an absolute estate in the devisee. If any legitimate argument is to

be derived from the provisions of this section, it would appear to be against the ground assumed for the plaintiffs, for the statute presupposes the words quoted to have been necessary to create an estate in fee simple, and declares that they shall not hereafter be necessary. If the words were not in the will, and were important to give effect to the devise, then our statute might be appealed to, and would come in aid of the omission in the will.

The title, then, which Miss Bailey acquired to the negro girl under her grand-aunt's will, was an absolute, unconditional estate in fee simple, and on her marriage with Thomas Clark, he by virtue of his marital rights succeeded to all the estate she had in the negro in possession. When Thomas Clark died, his widow was entitled only to a dower interest in those negroes, inasmuch as they constituted as much a part of his absolute estate as any other negroes he may have been possessed of at his death. See Griffith vs. Walker, 3 Mo. Reps, 191, 2nd ed.

The judgment of the Circuit Court is affirmed.