THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ABE WEINSTEIN, Plaintiff in Error.

*Opinion filed October 26, 1912.*

1. CRIMINAL LAW—*fact that information purports to be sworn to before the date of the offense is fatal.* The same certainty of allegation is required in an information as in an indictment, and if an information is sworn to before the date on which the offense is alleged to have taken place the discrepancy is fatal, even in arrest of judgment; nor is the defect cured by an order amending the record to show that leave to file the information was granted after the date of the offense · charged, there being no amendment of the information itself.

2. SAME—*the date alleged must be taken as true in determining sufficiency of information.* At the trial the date on which the offense is alleged to have taken place means any time within the Statute of Limitations, but in determining the sufficiency of an indictment or information the date alleged must be taken as true.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding.

ROBERT E. CANTWELL, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (OTTO WADEWITZ, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Abe Weinstein was convicted in the municipal court of Chicago of pandering, and, the conviction having been affirmed by the Appellate Court, is seeking a reversal on the ground, among others, that the information was defective and should have been quashed upon his motion.

The information was defective and should have been quashed because it was sworn to on July 3, 1909, while it charged the offense to have been committed on July 18, 1909. The same certainty of allegation is required in an information as in an indictment. (*Parris* v. *People,* 76 Ill. 274; *Gould* v. *People,* 89 id. 216.) At common law an indictment must charge the offense to have been committed on a day certain though it was not necessary to sustain the precise allegation by proof, provided the time stated was previous to the finding of the indictment, (*State* v. *Beaton,* 79 Me. 314; *State* v. *Wither,* 87 id. 462; *State* v. *G. S.* 1 Tyler, [Vt.] 295; *Roberts* v. *State,* 19 Ala. 256; *Brady* v. *State,* 102 Ga. 568;) and the rule has not been changed in this State. At the trial the date averred means any time within the Statute of Limitations, but in determining the sufficiency of the indictment the date alleged must be taken as the true one. (*Dreyer* v. *People,* 176 Ill. 590.) If the date stated is beyond the Statute of Limitations the indictment is bad and will be quashed. (*Garrison* v. *People,* 87 Ill. 96; *Lamkin* v. *People,* 94 id. 501.) If the offense is laid on an uncertain or impossible day, or on a future day, the objection is fatal, even in arrest of judgment. 2 Hawk's P. C. chap. 25, sec. 77; *State* v. *Sexton,* 10 N. C. 184; *State* v. *Litch,* 33 Vt. 67; *Markley* v. *State,* 10 Mo. 311; *Murphy* v. *State,* 106 Ind. 96; *Terrell* v. *State,* 165 id. 443.

After the writ of error was sued out of the Appellate Court, the People, upon notice to the plaintiff in error, applied to the municipal court and obtained an order amending the record so as to show that the leave to file the information was given on August 3, 1909, instead of on July 3, 1909. No amendment of the information itself was made and no leave was asked for that purpose. Section 27 of the Municipal Court act requires an information presented by a person other than the State's attorney to be verified by such other person's affidavit. This information

showed, on its face, that it was presented by a person other than the State's attorney and was verified by such person's affidavit on July 3, 1909, but it charged no offense because it stated that the defendant committed the acts with which he was charged on July 18, 1909. It was impossible the verification could apply to future acts. The date on which the court authorized the filing of the information is of no consequence, for the information itself had no validity. The date to the *jurat* may have been a clerical error but it was fatal, and the carelessness of the prosecutor cannot be disregarded or corrected by the guess of the court.

The judgments of the Appellate Court and of the municipal court are reversed and the cause is remanded to the latter court.                          *Reversed and remanded.*