## PAGOTIS *v.* STATE OF INDIANA.

[No. 27,055. Filed December 19, 1938.]

*Floyd O. Jellison* and *Oscar Thiel,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Patrick J. Smith,* Deputy Attorney-General, for the State.

SHAKE, J.—Appellant was prosecuted upon an indictment in three counts. The first count charged him with being an accessory before the fact to the robbery of a bank; the second and third counts were for conspiring with others to rob the bank and the employees thereof. All three counts involved the same parties and related to the robbery of the same bank. The indictment was returned on September 18, 1936. The first and third counts charged the commission of the offenses therein

described as of December 15, 1934; the second count charged the crime to have been committed on a date subsequent to the return of the indictment, to wit: December 15, 1936.

At the conclusion of the evidence and before the jury was instructed, the prosecuting attorney asked leave of court to amend the second count by changing the date of the commission of the alleged offense from 1936 to 1934. Leave was granted over objection and the amendment was made accordingly. The appellant saved the question by motion to quash, made prior to the amendment; a motion for a new trial; and a motion in arrest of judgment. There was a judgment of guilty on the second (amended) count, and this appeal followed.

It has long been the recognized law of this jurisdiction that an indictment which charges a crime to have been committed subsequent to the return thereof does not state a public offense and is bad against a motion to quash. *State* v. *Noland* (1867), 29 Ind. 212, 214; *State* v. *Sammons* (1884), 95 Ind. 22, 28; *Murphy* v. *State* (1886), 106 Ind. 96, 98, 5 N. E. 767; *State* v. *McDonald* (1886), 106 Ind. 233, 238, 6 N. E. 607; *Trout* v. *State* (1886), 107 Ind. 578, 8 N. E. 618; *State* v. *Patterson* (1888), 116 Ind. 45, 10 N. E. 289; *Terrell* v. *State* (1905), 165 Ind. 443, 451, 75 N. E. 884; *Boos* v. *State* (1914), 181 Ind. 562, 565, 105 N. E. 117; *Shonfield* v. *State* (1925), 196 Ind. 579, 149 N. E. 53; *Hunt* v. *State* (1927), 199 Ind. 550, 159 N. E. 149. The Attorney-General concedes this rule and admits that the overruling of the appellant's motion to quash the second count of the indictment was error. He claims, however, that this error was cured by subsequent proceedings in the cause. He relies upon the provisions of section 1, chapter 189, Acts of 1935 (§9-1133 Burns' Ann. St. 1933 [Pocket Supp.]), which provides: "The court may at any time before, during or after the trial amend the

indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

It will be noted that the act of 1935, quoted above, is limited in its application to defects, imperfections and omissions in form. The question is therefore presented as to whether the amendment of a count of an indictment which attempts to charge an offense to have been committed after the return thereof, is an amendment in form or in substance. If the count, as originally returned, did not charge a public offense, an amendment thereof to make it good would necessarily be a matter of substance rather than of form. See 31 C. J. 829, 831. We hold, therefore, that the amendment made in this case at the conclusion of the evidence was a substantial one and not a mere matter of form. The error committed when the court overruled the motion to quash cannot be said to have been cured by the amendment made pursuant to the statute.

The Attorney-General also calls attention to the fact that the indictment in this cause was in three counts; that the first and third counts correctly charged the date when the alleged offenses therein described were committed; that it is apparent upon the face of the indictment that all three counts relate to the same transaction and involve the same parties; and that the court may therefore look to the first and third counts to determine the true date that should have been stated in the second count. We cannot sustain this contention. It is an elemental proposition that each count of a good indictment must be complete within itself to the extent that it must charge a public offense. We know of no rule whereby the court is authorized to look beyond the count to determine its sufficiency, or whereby apparent errors and discrepancies in a count may be

corrected or supplied by reference to another count in order to make it charge a crime.

Since we have reached this conclusion it will be unnecessary to notice the other alleged errors.

Reversed, with directions to sustain appellant's motion to quash the second count of the indictment .