No. 23568.

STELLA M. SAWYER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(478 P.2d 672)

Decided December 28, 1970.

352

James T. Ayers, John L. Springer, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Paul D. Rubner, Assistant, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This writ of error is directed to the trial court's denial of Stella M. Sawyer's motion under Crim. P. 35(b) for post conviction relief. Defendant Sawyer alleged that her conviction and 15 to 20-year sentence on the purported charge of second degree murder, as set forth in count two of the indictment, should be vacated because this count did not lawfully charge her with second degree murder. Alternatively, her 35(b) motion alleged that the trial court erred in permitting count two of the in-

dictment to be amended, and that as amended, it charged second degree murder whereas it originally charged only involuntary manslaughter with a maximum sentence of one year in the county jail.

In February 1965, defendant Sawyer was found guilty by a jury of second degree murder of Albert Croskell as charged in count two of the indictment and she was also found guilty of unlawfully and feloniously inflicting a bodily injury upon one Edith Lucille Croskell as charged in count five of the indictment. These charges arose when the defendant drove an automobile while under the influence of intoxicating liquor and caused an automobile collision which resulted in the death of Mr. Croskell and in personal injuries to Mrs. Croskell. The defendant's 35(b) motion does not challenge her conviction for causing a personal injury as a result of driving a vehicle while under the influence of intoxicating liquor and for which she received a four to five year term in the penitentiary. At the time of sentencing, the trial court ordered that the two sentences imposed upon her be served concurrently.

On behalf of the People, it is contended that the amendment made no substantial change in count two of the indictment and that in both its unamended and its amended forms, it properly and lawfully charged second degree felony murder under the statutory scheme as announced in C.R.S. 1963, 40-2-7. First degree felony murder is clearly and precisely defined in C.R.S. 1963, 40-2-3 as a killing which is "committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem, or burglary;". The foundation of the People's argument is that C.R.S. 1963, 40-2-7 makes all other involuntary killings second degree murder, when such killings occur under the circumstances described in the proviso portion of this statute.

 We disagree with the primary premise of the People's argument that such a crime as second degree felony murder even exists in the State of Colorado. We

hold that C.R.S. 1963, 40-2-7, which defines involuntary manslaughter, does not, nor does any other statute, create or define the offense of second degree felony murder. As originally drawn and as amended, the only murder which count two could possibly describe would be a second degree felony murder if such a crime existed in the State of Colorado. Therefore, we have no alternative other than to reverse the judgment of the trial court and remand this cause for the purpose of entering an order vacating the defendant's conviction and sentence for second degree murder.

██ It is elemental that an indictment may not be amended by a court on a district attorney's motion as to matters of substance. Any such unlawful amendment would have the effect of destroying the court's jurisdiction with respect to the charge so amended. *See Annot.* 17 A.L.R.3d 1181; 101 A.L.R. 1254; and 41 Am. Jur. 2d *Indictment and Informations* § 207.

Count two of the indictment charged:
"That on June 13, 1964 in the County of Arapahoe, and State of Colorado, STELLA M. SAWYER, did feloniously and wilfully, *with implied malice,* kill and murder one ALBERT CROSKELL, a human being, which killing and murder was committed in the prosecution of a felonious intent, contrary to the form of the statute, to-wit: Colorado Revised Statutes 1953, 40-2-7, such case made and provided and against the peace and dignity of the People of the State of Colorado." (Emphasis added.)

The *italicized* words comprise the amendment allowed by the court prior to trial on the motion of the district attorney.

C.R.S. '53, 40-2-7, now cited as C.R.S. 1963, 40-2-7 provides:
"INVOLUNTARY MANSLAUGHTER. — Involuntary manslaughter shall consist in the killing of a human being without any intent so to do; in the commission of an unlawful act or a lawful act which probably might produce such a consequence, in an unlawful manner; *pro-*

*vided always, that when such involuntary killing shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder."* (Emphasis added.)

The only crime defined in C.R.S. 1963, 40-2-7 is involuntary manslaughter. Although we find no Colorado case on this point, we are strongly persuaded that a fair and reasonable analysis of the wording of this statute forecloses the contention that it was designed to also define and establish the crime of second degree felony murder in Colorado. The statutory caption or descriptive heading — involuntary manslaughter — is clearly indicative of the fact that the subject matter contained in the statute is limited to a definition of involuntary manslaughter.

Furthermore, we fail to recognize any merit to the argument that the proviso language after the semicolon in the involuntary manslaughter statute was intended to define the crime of second degree felony murder. This proviso part of the statute was, in our view, the method used by the legislature to explain and clarify the definition of involuntary manslaughter. In other words, its purpose was not to define a crime but to demonstrate what is *not* involuntary manslaughter. The effect of the proviso language is to point out that when an involuntary killing happens in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense is not involuntary manslaughter but may be murder as that crime is defined in C.R.S. 1963, 40-2-1, 40-2-2 and 40-2-3. The conclusion is inescapable that it was not the legislative intent to define a felony murder in this involuntary manslaughter statute.

We believe that the relative position of the involuntary manslaughter statute with other statutes relating to

homicide is particularly indicative of the intent of the legislature that C.R.S. 1963, 40-2-7 deals exclusively with involuntary manslaughter. C.R.S. 1963, 40-2-1 defines murder; 40-2-2 defines express malice; 40-2-3 distinguishes between first and second degree murder; 40-2-4 sets forth the two degrees of manslaughter; 40-2-5 defines voluntary manslaughter; and 40-2-6 states that in order to be manslaughter, the killing must be the result of a sudden violent impulse of passion. The sections of Article 2, Chapter 40 follow a natural, logical, progression from murder to voluntary manslaughter to involuntary manslaughter.

Count two of the indictment charged defendant Sawyer with conduct which was contrary to the provisions of C.R.S. '53, 40-2-7, [now cited as C.R.S. 1963, 40-2-7], which defines involuntary manslaughter and nothing else. When an indictment or information specifically states, as it does here, that a particular statute has been violated, that statement becomes a material allegation. However, on this count of the indictment, the jury returned a verdict of second degree murder and based upon this purported conviction for second degree murder, the defendant was sentenced to a term of from 15 to 20 years in the penitentiary. Her conviction and sentence under count two of the indictment is invalid for the reasons herein stated. See Casadas v. People, 134 Colo. 244, 304 P.2d 626 wherein this court reversed a conviction where the information described certain criminal conduct as being in violation of a statute which had no relation whatsoever to the conduct described or the proof submitted at trial.

The trial court erred in denying the defendant's motion for post conviction relief under Crim. P. 35(b). The judgment of the trial court is reversed and this cause is remanded to the trial court for the purpose of entering an order vacating this second degree murder conviction and sentence therefor.