No. 25584

The People of the State of Colorado ex rel. Duke W. Dunbar, Attorney General v. The District Court in and for the Second Judicial District and the Honorable Neil Horan, Chief Judge thereof

(500 P.2d 819)

Decided August 28, 1972.    Rehearing denied September 18, 1972.

Duke W. Dunbar, Attorney General, John P. Moore,

Deputy, Richard T. Spriggs, Assistant, for petitioner.

MacDonald & Fattor, Donald K. MacDonald, Jim Fattor, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

As part of an investigation of fires at construction sites, the Attorney General empaneled a state grand jury and subpoenaed certain witnesses. These witnesses answered that they had received the statutory notice of having been overheard subject to a wiretap authorized under 1971 Perm. Supp., C.R.S. 1963, 39-24-2. The witnesses then filed a motion in the district court for a hearing to determine the legality of the wiretap and to suppress the intercepted conversations. The district court granted the hearing. The Attorney General then sought a writ of prohibition from this Court to prevent the district court from holding a suppression hearing at this time. We issued a rule to show cause why the writ of prohibition should not be granted and now issue a writ of prohibition.

■■■ The Attorney General argues that no witnesses should be able to challenge any of the evidence before the grand jury. He contends that a suppression hearing of the type contemplated by the witnesses would destroy the effectiveness of the grand jury and would totally eliminate secrecy of grand jury proceedings if the investigation depended in any way upon evidence secured by wiretaps or electronic eavesdropping. The witnesses reply that the Colorado wiretap statute, 1971 Perm. Supp., C.R.S. 1963, 39-24-2 gives them a remedy of suppression in "any proceeding" and that important Fourth Amendment rights should be promptly vindicated. However, as the matter is presently postured, the issues raised are not subject to review. No witness has been questioned. No witness has refused to answer any question

propounded to him by or before the grand jury. No witness has been cited for contempt. No charges have been filed against any witness. Furthermore, the wiretap in issue was only used after a court order was obtained. No showing has been made that the court order which permitted the electronic surveillance was invalid or was not properly followed. What these witnesses assert is a right to a hearing on a wiretap that *might* be illegal and to suppress intercepted contents that *might* be used in the future in some manner. Therefore, the order granting the witnesses a suppression hearing was premature under the circumstances.

Grand jury proceedings have been traditionally free of technical rules. *Lawn v. United States,* 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). The remedy of exclusion of evidence or suppression has been held to apply to the trial once an indictment has been returned but has not been extended to the indictment. *Blue v. United States,* 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966). *See also, Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), which held that an indictment which was only supported by hearsay evidence did not constitute a due process violation. Under the federal statute, 18 U.S.C. 2515, the Supreme Court, in *Gelbard v. United States,* 408 U.S. 41, 92 S. Ct. 2357, 33 L.Ed.2d 179 (June 26, 1972), permitted a grand jury witness cited for contempt under the provisions of 28 U.S.C. 1826(a) for refusal to answer questions based on intercepted telephone calls to question the legality of the interception in the defense of the contempt charge where there was no court order authorizing the interception (n. 22). As the case is presented to us, the facts do not fall within the parameters set out in the *Gelbard* case. Mr. Justice White, concurring in *Gelbard v. United States, supra,* commented on this very problem in the context of the federal statute:
"Where the Government produces a court order for the interception, however, and the witness nevertheless demands a full blown suppression hearing to determine the legality of the order, there may be room for striking a different accommodation between the due functioning of the grand

jury system and the federal wiretap statute. Suppression hearings in these circumstances would result in protracted interruption of grand jury proceedings. At the same time prosecutors and other officers who have been granted and relied on a court order for the interception would be subject to no liability under the statute, whether the order is valid or not; and in any event, the deterrent value of excluding the evidence will be marginal at best . . . ."

Accordingly, the witnesses are not entitled to a suppression hearing, and the district court is not to conduct a suppression hearing at this time.

The order to show cause is made absolute.

MR. CHIEF JUSTICE PRINGLE concurs in the result.

MR. JUSTICE DAY and MR. JUSTICE GROVES not participating.