## No. 25661

**Christopher Rowse v. District Court in and for the County of Alamosa, State of Colorado, Honorable Richard E. Conour, District Judge, Robert W. Ogburn, District Attorney for the Twelfth Judicial District, State of Colorado**

(502 P.2d 422)

Decided October 24, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, John C. McClure, Deputy, for petitioner.

Robert W. Ogburn, District Attorney, Twelfth Judicial District, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding in which we issued our rule to show cause why criminal action No. 1416 in the district court of Alamosa County should not be dismissed for failure to grant petitioner a speedy trial. Respondents have answered and the matter is now at issue.

On June 22, 1971, petitioner, Christopher Rowse, was

charged by indictment in criminal action No. 1396 in the district court of Alamosa County, with two drug offenses. Count 1 charged petitioner with the unlawful possession of narcotics on *October 22, 1971.* Count 2 charged him with the unlawful sale of narcotics on October 22, 1970.

By reason of the obvious error in the date of the alleged occurrence of the offense charged in count 1 of the indictment, the grand jury re-indicted petitioner by a second two-count indictment filed as criminal action No. 1416. Count 1 charged petitioner with unlawful possession of narcotics on *October 22, 1970.* Count 2 was identical with count 2 of the first indictment in action No. 1396.

Petitioner had been taken into custody pursuant to action No. 1396 and was released on $2,000 bond. He is presently at liberty pending determination of the charges against him. A motion to dismiss action No. 1396 was filed on October 1, 1971, which lay dormant, apparently not having been called up for hearing. However, the court dismissed action No. 1396 on July 20, 1972, on its own motion under the circumstances hereinafter set forth.

Petitioner was without counsel in action No. 1416 until May 4, 1972, when the court, at the request of petitioner, appointed the public defender to represent him. On July 12, 1972, a motion to dismiss action No. 1416 was filed on behalf of petitioner, asserting as grounds for dismissal that petitioner had been denied a speedy trial as requested by Crim. P. 48(b) and by Article 2, Section 16, of the Colorado Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. In substance, the motion to dismiss alleged that petitioner was charged in action No. 1396 on June 22, 1971, and was subject to the jurisdiction of the court from that time; that action No. 1416, filed on October 28, 1971, charged him with exactly the same offenses of which he was accused in action No. 1396; that thirteen months had elapsed from the time petitioner became subject to the jurisdiction of the court; and as a result, the delay not having been caused by petitioner, he had been denied a speedy trial.

After hearing on the motion to dismiss, held on July 20, 1972, the trial court ordered that action No. 1396, which was then still pending, be dismissed for the reason that petitioner had not been brought to trial within one year. However, as to action No. 1416, the court denied the motion to dismiss, as one year had not elapsed from the filing of the action on October 28, 1971.

Petitioner's argument here is essentially that made in the trial court — that is, that both indictments accused petitioner of the same offenses and that he was not brought to trial within one year and was thereby denied his constitutional right to a speedy trial.

The district attorney here confesses error and advises us that the trial court was in error in denying dismissal of count 2 of action No. 1416, inasmuch as it was in fact identical with count 2 of action No. 1396. We agree that the court erred in denying dismissal of count 2, as the petitioner had been charged with that offense and was subject to the jurisdiction of the court for thirteen months. *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219; Crim. P. 48(b). The rule to show cause should be made absolute as to count 2 of action No. 1416.

We disagree, however, with petitioner's contention that count 1 of action No. 1416 should also have been dismissed by the court. The attempt to charge petitioner on June 22, 1971, in action No. 1396 with an offense alleged to have occurred on October 28, 1971, a time subsequent to the filing of the indictment, was a nullity. A crime cannot be charged *in futuro* and an indictment or information which purports to do so in legal effect charges nothing and is without efficacy. In such a situation, the charging of an impossible date as the time of the occurrence of the alleged offense is regarded as a matter of substance and not of form. *Fowler v. Ross,* 196 F.2d 25 (D.C. Cir. 1952); *People v. Weinstein,* 255 Ill. 530, 99 N.E. 589; *Pagotis v. State,* 214 Ind. 697, 17 N.E.2d 830; *People v. Van Every,* 222 N.Y. 74, 118 N.E. 244; *McKay v. State,* 91 Nebr. 281, 135 N.W. 1024. It follows that, since the indictment in action No. 1396 as to

count 1 thereof was ineffective, petitioner was not legally charged or subject to the jurisdiction of the court as to the transaction intended to have been charged — the unlawful possession of narcotics on October 22, 1970. He did not become legally charged or subject to the the jurisdiction of the court as to that transaction until he was re-indicted and charged in action No. 1416. *United States v. Marion,* 404 U.S. 307, 92 S. Ct. 455, 30 L.Ed.2d 468.

Petitioner further argues that, even so, there was an unnecessary delay of nine months from commencement of action No. 1416 until the filing of the motion to dismiss, during which period of time the action should have been tried, and that he was thereby denied his right to a speedy trial. As stated in *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236, *cert. denied,* 381 U.S. 945, 85 S. Ct. 1788, 14 L.Ed.2d 709, recently reaffirmed in *Jaramillo v. District Court, supra,* the constitutional right to a speedy trial means a trial consistent with the court's business. *See also, Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101. The burden is upon a defendant who asserts denial of a speedy trial to show facts establishing that, consistent with the court's trial docket conditions, he could have been afforded a trial. Here, petitioner asserts he was arbitrarily denied the right to make such a showing in the trial court, and that had he been allowed the opportunity he could have made such a showing. The record does not support this assertion. An examination of the record fails to reveal any offer of proof relative to lack of docket congestion during the period in question. Petitioner has failed to meet his burden in this regard and we view this argument as without merit.

The rule is made absolute as to count 2 of the indictment. As to count 1 of the indictment, the rule is discharged.

MR. JUSTICE GROVES not participating.