## No. 25779

George Westerberg, individually and on behalf of others similarly situated v. The District Court in and for the Second Judicial District and the Honorable Neil Horan and the State Grand Jury

(506 P.2d 746)

Decided February 20, 1973.          Rehearing denied March 12, 1973.

MacDonald & Fattor, Donald P. MacDonald, for petitioner.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard T. Spriggs, Assistant, for respondents.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding arises out of the same factual setting that we dealt with in *People ex rel. Dunbar v. District Court,* 179 Colo. 321, 500 P.2d 819 (1972). Briefs have been filed, and a record has been lodged which reflects the developments which have occurred since the case was last

before us. We now deny the relief requested by the petitioner.

Certain grand jury witnesses have petitioned for a hearing on their claim that the court-approved wiretap which was used in the early investigative stages of this case was improperly and unlawfully obtained. These witnesses in this proceeding seek to avoid answering questions which may be based, in whole or in part, upon information obtained through the use of the court-approved wiretaps. In *People ex rel. Dunbar v. District Court, supra,* we held that the district court prematurely ordered a suppression hearing when the motion was made after a witness was under subpoena, but before the witness appeared, refused to testify, and was cited for contempt.

At this point in the present proceeding, the witnesses who seek relief on their motion to suppress have been granted immunity from prosecution, pursuant to the provisions of 1969 Perm. Supp., C.R.S. 1963, 154-1-18. Even though granted immunity, the witnesses refuse to testify and claim that the questions which have been asked are based upon information which was obtained by means of an illegal wiretap. The precise posture of this controversy is that the witnesses, in order to contest the legality of the wiretaps, seek discovery of the wiretap order which was issued by a Justice of this Court, together with the application and underlying affidavits which the Justice relied upon when he issued the wiretap order. The question before us is limited to search and seizure issues under the Fourth Amendment and does not involve self-incrimination under the Fifth Amendment. U.S. Const. amend. IV and amend. V; Colo. Const. art. II, § 7 and § 18. *See Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), and *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972), for an analysis of the rights of the petitioner after he has been granted immunity from prosecution.

The witnesses claim that they should not be forced to risk contempt proceedings without a ruling on the legality of the

electronic surveillance that preceded the grand jury investigation. In support of their position, the witnesses claim that they have the statutory right to discovery of the documents supporting the order, pursuant to 1971 Perm. Supp., C.R.S. 1963, 39-24-2(9). The Attorney General, in his answer, claims that the petitioners are again premature in their request for discovery of the materials relating to the wiretap. He asserts that the petitioners can only obtain a hearing on the legality of the wiretap after they have been cited for contempt and seek to defend their contemptuous acts by showing the illegality of the investigation. *See Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972).

Constitutional issues are before us which involve the balancing of conflicting constitutional rights and procedures. The petitioners would have us look solely to the Fourth Amendment right of privacy and the right of every person to be protected against unreasonable searches and seizures. The Attorney General points to the function of the grand jury as a charging body and the need to grant the grand jury freedom in its investigation of crime. He contends that to require a suppression hearing when there has been a court-authorized wiretap, before a grand jury witness can be asked a question, would seriously impede the effective use of the grand jury.

In *Gelbard v. United States, supra,* the Supreme Court held that a grand jury witness in a federal contempt proceeding may raise the defense that the questions which were propounded to him were based on an unauthorized and illegal wiretap. The witnesses in the *Gelbard* case refused to answer questions which they claimed were based on illegal wiretaps and were thereupon cited for contempt. In *Gelbard,* the Supreme Court held that a witness could not be held in contempt under the provisions of 28 U.S.C. 1826(a) for refusing to answer a question which was based on information obtained by an unauthorized and illegal wiretap. In examining the issues, the Supreme Court dealt with the interpretation of the provisions of 18 U.S.C. 2510-2520 [also 3504]. The *Gelbard* decision did not explicitly reach the

constitutional issues which are before us. The outside boundaries established by *Gelbard* are that discovery cannot be withheld after contempt proceedings have been instituted against a grand jury witness. The issue before us is narrower and is limited to the determination of whether discovery must be afforded prior to the time that the grand jury witness is cited for contempt.

Two Circuits have considered the question which we now face. The First Circuit has held that a motion to suppress is not available to a grand jury witness who challenges the constitutionality of an investigative wiretap until after he is cited for contempt. *Cali v. United States,* 464 F.2d 475 (1st Cir. 1972). The result reached by the First Circuit is predicated on the fact that a grand jury cannot function efficiently if it is interrupted by lengthy suppression hearings. In judging the rights of a grand jury witness to an immediate hearing on his claim that a court-ordered wiretap was illegal against the need for efficient grand jury procedures, the First Circuit concluded that the requirement of the grand jury must take precedence.

The Sixth Circuit, however, did not find that a contempt citation was a necessary prerequisite to a motion to suppress and granted a grand jury witness the right to a hearing on his motion to suppress after he was subpoenaed and claimed that the questions which the grand jury propounded were based upon unlawful electronic surveillance. *United States v. Calandra,* 465 F.2d 1218 (6th Cir. 1972). The Sixth Circuit's opinion is based on the deterrence of unlawful electronic surveillance.

To us, the reasoning of the First Circuit is persuasive, and we are not swayed by the arguments which were made and sustained in the Sixth Circuit. A grand jury has long been a means for ferreting out crime and for providing the innocent with protection against unwarranted charges. To permit every witness who appears before a grand jury to file a motion to suppress and have it determined before he testifies would be to frustrate the grand jury process. Adequate protection is afforded the witness by the requirement that

the court examine all the facts before imposing a contempt sanction.

Accordingly, the witness's claims are premature, and we, therefore, discharge the rule to show cause.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY dissent.

MR. JUSTICE GROVES does not participate.