## No. 27803

**The People of the State of Colorado v. Donald E. Campbell, District Court Judge, Fourth Judicial District, State of Colorado**

(573 P.2d 557)

Decided January 16, 1978.

Robert L. Russel, District Attorney, Ronald T. Rowan, Assistant, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Robert M. Elliott, Deputy, Jeffrey I. Tompkins, P.C., for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding in which petitioners seek relief in the nature of prohibition from an order of the respondent District Court of El Paso County and one of its judges. We ordered Respondent District Judge Campbell to show cause why his order quashing an indictment brought against defendants Brown and Dawson should not be set aside. We now make the rule absolute.

At issue in this case is the result of a grand jury investigation into the robbery of a Colorado Springs supermarket and the abduction and murder of the supermarket manager. The grand jury met on several occasions between February 1976 and April 1977. At the conclusion of the evidence,

the district attorney orally instructed the grand jury on the potential charges on which they might indict the defendants. Following deliberations the grand jury members orally notified the district attorney of their desire to indict the defendants on counts of first-degree murder, second-degree kidnapping, aggravated robbery and first-degree burglary. The vote was unanimous.

Between April 11 and April 13, 1977, the district attorney prepared what now appears as the indictment in this case and presented it to the foreman of the grand jury on April 13, 1977, at which time the foreman signed it. The district attorney added his signature and presented the indictment in the district court where the foreman asserted that it truly and accurately reflected the findings of the grand jury.

Defendants moved to quash the indictment alleging it was fatally defective since no bill of writing was presented to the grand jury or returned by them. Following a hearing, the trial court ordered the indictment quashed as to both defendants.

■ The only issue presented for our review is whether it is essential for all members of a grand jury who issue a true bill to specifically observe the formal charging paper and approve its formal language. We find in the context of this case that it was not necessary.

■ There is no express language in any constitutional provision, statute, or rule of procedure requiring the grand jury to pass upon a formal, written charging paper. Respondent, however, would have us infer this requirement from the fact that the indictment is the charge "of" and "by the Grand Jury," Sections 16-5-101, 16-1-104(11), 16-5-205, C.R.S. 1973 and Crim. P. 6.6 and 7; and also because the assent of nine jurors is necessary for the return of a "True Bill." *Colo. Const.*, Art. II, § 23 and Section 13-72-102, C.R.S. 1973. We decline to do so.

■ Traditionally, grand jury proceedings have been free of technical rules. *People v. District Court*, 179 Colo. 321, 500 P.2d 819 (1972). The concern in the instant case is that the written indictment accurately reflects the intent of all grand jury members. This goal, however, can be achieved without the arbitrary imposition of a rule requiring that the grand jury actually consider a formal written bill. The record in this case reflects that the district attorney advised and instructed the grand jury as to the potential charges they might wish to consider. After deliberation, the grand jury notified the district attorney of their desire to indict the defendants on several specific charges. An indictment was prepared, signed by the foreman and returned by him in open court where he asserted that the indictment truly and accurately reflected the findings of the grand jury. In doing so, the foreman confirmed that the legal language of the indictment reflected the grand jury's decision to charge the defendants. To require that each member of the grand jury also approve the formal charging document would be an instance of exalting form over substance.

■ Respondent contends that failure to present all members of the grand jury with a written indictment is contrary to the spirit of Crim. P. 6.8 and leaves the door open for prosecutorial abuse. We disagree. Crim. P. 6.8 provides that an indictment may be amended only as to form and not as to substance. The policy underlying this rule is to insure that an indictment reflects the will of the grand jury. As we have previously discussed, however, the procedures followed in this case adequately implement this policy. Moreover, as to prosecutorial abuse, we are unable to conclude that merely handing the grand jury something in writing to consider during their deliberations would promote the integrity of the system. The unethical prosecutor may manipulate a grand jury through the use of a written indictment as easily as through oral instructions. The integrity of the system turns not on whether the grand jury is given a written charge to consider, but rather on the prosecutor's adherence to his legal and ethical obligations.[1]

Rule made absolute.

---

[1]Parenthetically, we note our disagreement with *Gaither v. United States*, 134 U.S.App. D.C. 154, 413 F.2d 1061 (D.C. Cir. 1969), cited by respondent. That case established a flat rule that all grand jurors must "find" an indictment and, therefore, all must pass on the terms of the written charge. While *Gaither* may be distinguishable on the basis that the federal rule under which it was decided differs from our Colorado rule, (*Compare* F.R.Crim. P. 6(f) requiring that an indictment be returned in open court "by the Grand Jury", *with* Crim. P. 6.6 providing that presentation of an indictment "may be accomplished by the foreman of the Grand Jury"), we note simply that to apply the "flat rule" established in *Gaither* to the facts of this case, would be overly formalistic.