**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Phillip THIMMES, Defendant-Appellant.**

**No. 79CA0897.**

Colorado Court of Appeals, Div. I.

Dec. 3, 1981.

Rehearing Denied Jan. 21, 1982.

Certiorari Denied April 26, 1982.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1980 Cum.Supp.).

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Glenn W. Merrick, Richard P. Holme, Sp. Deputy State Public Defenders, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

In this appeal, defendant, Phillip Thimmes, challenges the sufficiency of the indictment which led to his conviction by jury of theft by receiving. We reverse.

The indictment returned by the Pueblo County Grand Jury against defendant contained no reference to any date upon which, or time when, the alleged offense was committed. Although defendant moved at the conclusion of the prosecution's evidence to dismiss the case on the ground that the indictment failed to allege either the time or the date of the offense, the prosecution at no time sought to amend the indictment pursuant to Crim.P. 6.8.

Defendant contends that this indictment is jurisdictionally defective. We agree.

■ The General Assembly has required that the commencement of an indictment "shall be in substance" as set forth in a form prescribed by the General Assembly. Section 16-5-201, C.R.S.1973 (1978 Repl. Vol. 8). That form expressly requires an allegation of "the time and place of committing" the offense. One purpose of these legislative requirements is to provide sufficient notice to defendants to permit the preparation of defenses prior to trial. *People v. Zupancic*, 192 Colo. 231, 557 P.2d 1195 (1976). Of course, an indictment may be amended upon timely motion as to matters of form, so long as the substance of the charge is not changed and the defendant is not prejudiced. Crim.P. 6.8; *see Marn v. People*, 175 Colo. 242, 486 P.2d 424 (1971). The sufficiency of an information or an indictment as to matters of substance is a question of jurisdiction and, thus, may be raised at any time during or after a trial. *People v. Garner*, 187 Colo. 294, 530 P.2d 496 (1975); *cf. Sawyer v. People*, 173 Colo. 351, 478 P.2d 672 (1970).

■ Allegations specifying the date on which an accused allegedly committed an offense are always material when the offense charged is one which may be barred by an applicable statute of limitations. *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958). In the absence of any allegation of date, a defendant would not know whether such defenses as alibi and statute of limitations would be available to him. *Bustamante v. District Court, supra; United States v. Gammill*, 421 F.2d 185 (10th Cir. 1970); *see Jackson v. State*, 489 S.W.2d 565 (Tex.Crim.App.1972).

■ In *Rowse v. District Court*, 180 Colo. 44, 502 P.2d 422 (1972), our Supreme Court held fatally defective an indictment which charged as the date of the alleged offense a date subsequent to the date upon which the

indictment was filed. In *United States v. Gammill, supra*, the Court of Appeals for the Tenth Circuit concluded in circumstances undistinguishable from the present case that a federal indictment which failed to specify the year during which the alleged offense occurred did not invoke the jurisdiction of the trial court. Of course, an indictment which is defective in substance merely prevents prosecution on the basis of that particular pleading; no jeopardy attaches, and the defendant may be charged by any appropriate and sufficient pleading. *See Maes v. District Court*, 180 Colo. 169, 503 P.2d 621 (1972).

The crime here charged is subject to the statute of limitations set forth in § 16–5–401, C.R.S.1973 (1978 Repl.Vol. 8). In these circumstances, we conclude that the indictment was fatally deficient as a matter of substance in failing to allege any date upon which the alleged offense was committed. Hence, it did not confer jurisdiction upon the trial court to consider the case. In view of this conclusion, we do not reach defendant's other arguments on appeal.

The judgment is reversed.

COYTE and STERNBERG, JJ., concur.