**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

**v.**

**George VALDEZ, Defendant–Appellant.**

No. 95CA0043.

Colorado Court of Appeals,
Div. I.

Nov. 29, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Terrence A. Gillespie, First Assistant Attorney General, Denver, for Plaintiff–Appellee.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr., Margaret L. Herdeck, Michael L. Garcia, Pueblo, for Defendant–Appellant.

Opinion by Judge METZGER.

Pursuant to a plea bargain, defendant, George Valdez, entered a plea of *nolo contendere* to one count of electioneering. He appeals the judgment of conviction and sentence. We affirm the former, vacate the latter, and remand the cause for a new sentencing hearing.

In 1992, an election challenge to absentee voters brought by a citizens group in Costilla County resulted in an order requiring names to be stricken from the voting lists. The citizens group later requested that the Attorney General begin a criminal investigation into what they termed the "tradition" of voting fraud in Costilla county.

A state grand jury had already been impanelled, pursuant to §§ 13–73–101 to 13–73–108, C.R.S. (1987 Repl.Vol. 6A). Its stated task was to investigate various crimes, including medicaid and insurance fraud and taxation violations. This resulted from a petition to convene a state grand jury filed by the Attorney General in the Denver District Court in June 1993, alleging that all such investigations had been ordered by executive order of the Governor of Colorado. The Attorney General, on October 29, 1993, obtained permission from the chief judge of the Denver District Court to allow this state grand jury to investigate the allegations of election fraud and other crimes in Costilla County and elsewhere.

On January 21, 1994, the state grand jury returned an indictment charging defendant with voting by giving false information regarding residence; aiding and abetting fraud in absentee voting; voter intimidation; and attempted voter intimidation. Defendant's daughter was also indicted on other charges.

On December 27, 1994, the prosecutor and the defendant signed a "settlement agreement" pursuant to which defendant, on January 6, 1995, entered a *nolo contendere* plea to

an added count charging electioneering, a misdemeanor. In exchange, the original charges in the indictment against him and his daughter were dismissed. The trial court accepted the plea, entered judgment, and, by agreement of the parties, proceeded immediately to conduct a sentencing hearing.

At the hearing, the court heard testimony from the probation officer who had prepared the pre-sentence report and from two citizens. Defendant requested a continuance, which was denied. The defendant then moved to withdraw his plea, but that motion was denied also.

The court then sentenced defendant to 90 days in the Costilla County jail, imposed a $1,000 fine, and assessed court costs. Defendant was also ordered to pay $1,500 in restitution to the citizens group to defray its costs in pursuing the election challenge which had resulted in the grand jury investigation.

## I.

■ Defendant first contends the chief judge of the Denver District Court exceeded her jurisdiction in ordering a state grand jury, already impaneled, to consider matters presented in relation to violations of the election laws in Costilla County. The basis of defendant's argument is that § 24–31–101, C.R.S. (1988 Repl.Vol. 10A) limits the powers of the Attorney General such that he or she can only respond to an executive order by the Governor before petitioning for impanelment of the state grand jury. Thus, he contends, the absence of such an executive order here resulted in the grand jury and the supervising court having no jurisdiction. We do not agree.

Section 13–73–101, as then in effect before its 1996 amendment, governed the impaneling of state grand jurors. It provided:

When the attorney general deems it to be in the public interest to convene a grand jury which has jurisdiction extending beyond the boundaries of any single county, he may petition the chief judge of any district court for an order in accordance with the provisions of this article. Said chief judge may, for good cause shown, order the impaneling of a state grand jury which shall have statewide jurisdiction. In making his determination as to the need for impaneling a state grand jury, the judge shall require a showing that the matter cannot be effectively handled by a ... 'county grand jury.'

That statute expressly gives the Attorney General the power to petition the chief judge of the district court for the impanelment of the state grand jury when the Attorney General deems it to be in the public interest to convene a grand jury which has jurisdiction extending beyond the boundaries of any single county.

In *People v. Cerrone,* 867 P.2d 143 (Colo. App.1993), *aff'd, Cerrone v. People,* 900 P.2d 45 (Colo.1995), a division of this court held that impaneling a state grand jury was proper when the chief judge of the district court found that the Attorney General, by her petition, had made a showing of good cause, that the matter could not be handled effectively by a county grand jury, and that it was in the public interest to convene a state grand jury. The *Cerrone* court relied on the specific statutory language of § 13–73–101 for its conclusion.

The cases relied on by defendant, *People ex rel. Tooley v. District Court,* 190 Colo. 486, 549 P.2d 774 (1976), and *People ex rel. Witcher v. District Court,* 190 Colo. 483, 549 P.2d 778 (1976), do not persuade us that a contrary result should obtain. In both cases, the supreme court held that the Attorney General must commence state grand jury proceedings if required to do so by the Governor. However, those cases do not stand for the proposition that the Attorney General may not also petition a chief judge of a judicial district to impanel a state grand jury, and that he or she may not prosecute certain cases arising out of indictments issuing from such grand juries.

Here, the Attorney General petitioned the chief judge of the Denver District Court to impanel a state grand jury only after she was

requested by the citizens group to investigate allegations of election fraud. Under such circumstances, a failure of the Attorney General to act would have been in violation of the General Assembly's purpose to use the "law enforcement tool" of the state grand jury to investigate crimes respecting election fraud.

Thus, contrary to the assertions of the defendant, the district court, the Attorney General, and the state grand jury did not operate outside of their statutorily granted jurisdiction.

## II.

Defendant next contends that the district court erred in allowing the state grand jury to return an indictment against him for violations alleged to have occurred in Costilla County. He further asserts that the district court erred in fixing venue originally in El Paso County. We disagree.

## A.

■ We first note that the indictment alleges criminal conduct in places other than just Costilla County. The indictment alleges that criminal conduct occurred in Orange County, California, and the Colorado counties of Crowley, El Paso, Denver, and Boulder.

Under these circumstances, the chief judge of the Denver District Court did not err in concluding that the investigation "cannot be effectively handled by a county or judicial district grand jury." See People v. Cerrone, supra. Thus, the state grand jury, being properly impaneled, had jurisdiction to return its indictment.

We note also that, because defendant has not alleged that the indictment is technically insufficient or unsound in form or substance, and we find no such insufficiency, the state grand jury properly exercised jurisdiction here. See § 16–5–201, C.R.S. (1986 Repl.Vol. 8A); People v. Thimmes, 643 P.2d 780 (Colo. App.1982); People v. Westendorf, 37 Colo. App. 111, 542 P.2d 1300 (1975).

## B.

■ We also reject defendant's contention that it was error to fix venue in this matter originally in El Paso County.

■ Jurisdiction of the court refers to the inherent power to inquire into a matter and to act thereon. Klancher v. Anderson, 113 Colo. 478, 158 P.2d 923 (1945). We have determined that the state grand jury was properly impaneled by a district court with jurisdiction.

Venue, on the other hand, refers to the locale or district in which a court with jurisdiction may hear and decide the case. See U.M. v. District Court, 631 P.2d 165 (Colo. 1981).

Section 13–73–107, C.R.S. (1987 Repl.Vol. 6A), as pertinent here before being amended in 1996, stated:

Any indictment by a state grand jury shall be returned to the chief judge without any designation of venue. Thereupon, the judge shall, by order, designate the county of venue for the purpose of trial....

Pursuant to the statute, the chief judge of the Denver District Court designated El Paso County as the county of venue. Because the indictment alleged that certain criminal conduct of the defendant had occurred in El Paso County, this was not improper. See § 18–1–202(1), C.R.S. (1986 Repl.Vol. 8B); Crim. P. 18(a)(1).

Thus, while venue was later changed to Costilla County, on defendant's motion, for the convenience of parties and witnesses, see § 16–6–101, et seq., C.R.S. (1986 Repl.Vol. 8A); Crim. P. 21(a), the court did not err in initially fixing venue in El Paso County pursuant to § 13–73–107. See People v. Rice, 40 Colo.App. 357, 579 P.2d 647 (1978).

## III.

■ Defendant next contends that the trial court violated the provisions of Crim. P. 6.8 by allowing the indictment to be amended to add the count of electioneering, § 1–13–714, C.R.S. (1996 Cum.Supp.). Thus, he argues, his plea should be vacated because the court had no jurisdiction to accept it. We reject this argument for two reasons.

■ First, we conclude that the invited error doctrine precludes defendant's asser-

tions. That doctrine provides that, when the court acquiesces in a course of conduct urged by the defendant, he is estopped on appeal from raising as error that conduct or its result. *People v. Zapata,* 779 P.2d 1307 (Colo.1989). Such was the case here.

On December 27, 1994, defendant entered into a negotiated plea agreement. He agreed to plead *nolo contendere* to an added charge of electioneering in exchange for dismissal of all other charges in the indictment against him and his daughter. Defendant, who was represented by counsel at all times, signed a written plea agreement and ratified that agreement in a Crim. P. 11 providency hearing.

Under these circumstances, we conclude that defendant must abide by the consequences of his actions. *See People v. Akers,* 746 P.2d 1381 (Colo.App.1987). As stated by the supreme court in *People v. Bernard,* 656 P.2d 695, 697 (Colo.1983), if the defendant "ever had a serious objection to the ... plea, this fact should have been made known long before he used the plea as a tool for avoiding a more serious conviction."

Second, we conclude that defendant has waived any violation of Crim. P. 6.8 by entering into the plea agreement. The rationale of *People v. Skinner,* 825 P.2d 1045 (Colo. App.1991) is instructive. There, a division of this court analyzed the similarities and differences between lesser included offenses and lesser non-included offenses. It concluded that a defendant may ask a trial court to instruct the jury on a lesser non-included offense if it arises from the same facts leading to the original charge and contains at least one element not contained in the charged offense.

Here, defendant agreed to enter a plea of *nolo contendere* to the added charge of electioneering. That offense is not a lesser included offense of any of the original charges in the indictment. However, because it arises from the same facts and contains at least one element that is not in the charged offenses, it is a lesser non-included offense.

It would be anomalous indeed to force a defendant to trial in order to exercise his right to have a lesser non-included offense be considered by prohibiting him from entering into a plea agreement in order to reach the same result. Therefore, under the unique circumstances here, we see no error in the trial court's action allowing the amendment.

### IV.

Defendant also maintains that the trial court abused its discretion when it refused to allow him to withdraw his plea. Again, we disagree.

A defendant may not as a matter of right have his plea of guilty or *nolo contendere* withdrawn or changed; instead, such a determination rests in the discretion of the trial court. *People v. Chippewa,* 751 P.2d 607 (Colo.1988).

Defendant must show that fair and just reasons warrant the withdrawal of his guilty plea and that a denial of his motion would subvert justice. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981). A claim of innocence is not, by itself, reason to allow a defendant to withdraw his plea. *People v. Weed,* 830 P.2d 1095 (Colo.App.1991).

Defendant's reason for seeking to withdraw his plea was his dissatisfaction with the tone and content of the sentencing hearing. Therefore, because he failed to establish that his plea was involuntary, or that justice would be subverted by a denial of his motion, the trial court's ruling will not be disturbed on appeal. *People v. Chippewa, supra.*

### V.

However, as the People concede, we agree with defendant that the trial court erred in denying his motion for a continuance of the sentencing hearing.

Before sentencing, a defendant is entitled to adequate notice of the claimed amount of damages and the amount of restitution which the court is asked to impose. And, at the sentencing hearing the defendant

must be given the opportunity to controvert the victim's claimed monetary damages. *People v. Johnson,* 780 P.2d 504 (Colo.1989).

The parties were aware that the court would proceed to sentencing immediately following the entry of defendant's plea. However, there is no evidence that the defendant was given adequate notice of the claim for restitution. Thus, he was not prepared to challenge either the amount of restitution proposed or the determination of the parties to whom it might be owed.

Accordingly, we conclude the trial court abused its discretion in denying defendant's motion for continuance.

In light of this disposition we need not address defendant's remaining contentions.

The judgment of conviction is affirmed. The sentence is vacated and the cause is remanded for resentencing.

CRISWELL, J., concurs.

JONES, J., concurs in part and dissents in part.

Judge JONES concurring in part and dissenting in part.

I concur with the majority on Parts I, II, and IV. And, were I not dissenting, I would agree with the majority on Part V.

However, notwithstanding the majority's reliance on the doctrines of invited error and of lesser non-included offenses in Part III, I respectfully dissent because of the jurisdictional aspects of the issues raised therein.

I agree with defendant that the trial court erred by amending the indictment to add the count of electioneering. My agreement is based, in part, on the principle that, if there is substantive amendment of an indictment by a court, the effect of such amendment is to deprive the amending court of jurisdiction.

An indictment may be amended only as "to defects, errors or variances from the proof relating to matters of form, time, place and names of persons when such amendment does not change the substance of the charge.... No indictment may be amended as to the substance of the offense charged." Crim. P. 6.8(a) and (b). "The policy underlying this rule is to insure that an indictment reflects the will of the grand jury." *People v. Campbell,* 194 Colo. 451, 454, 573 P.2d 557, 558 (1978).

The United States Supreme Court in *Russell v. United States, supra,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240, 254 (1962), stated this same policy persuasively:

> To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the [members of the] grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure. For a defendant would then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

The amendment of an indictment on a district attorney's motion as to matters of substance has the effect of destroying the court's jurisdiction with respect to the amended charge. *Sawyer v. People,* 173 Colo. 351, 478 P.2d 672 (1970). Such an amended indictment does not express the will of the grand jury, but also is insufficient because it does not properly charge a crime. A deficient indictment does not subject the defendant to the jurisdiction of the court. *See People v. Zupancic,* 192 Colo. 231, 557 P.2d 1195 (1976); *People v. Westendorf,* 37 Colo.App. 111, 542 P.2d 1300 (1975).

Nevertheless, the People argue that the defendant has waived the jurisdiction of the court by his having entered a plea of *nolo contendere* to the amended charge. I reject the People's waiver argument.

A jurisdictional requirement cannot be waived; neither the parties nor the court itself may confer jurisdiction on the court or waive jurisdiction, if the requirements prescribed by the General Assembly are not

met. *Evans v. District Court,* 194 Colo. 299, 572 P.2d 811 (1977); *McCoy v. McCoy,* 139 Colo. 105, 336 P.2d 302 (1959); *People v. Mueller,* 851 P.2d 211, 214 (Colo.App.1992) ("Any action taken by a court when it lacks jurisdiction is a nullity.").

Contrary to the People's argument, in my view, jurisdictional defects are not waived by a plea of *nolo contendere. See People v. Garner,* 187 Colo. 294, 530 P.2d 496 (1975); *People v. Roberts,* 668 P.2d 977 (Colo.App. 1983). *See also United States v. Heller,* 579 F.2d 990, 998 (6th Cir.1978)(even upon plea of [no contest], "defendant can question the jurisdiction of the court to render judgment, raising the issue of the sufficiency of the indictment.").

A plea of *nolo contendere* is equivalent to a guilty plea, *People v. Carpenter,* 709 P.2d 72 (Colo.App.1985), and a voluntary guilty plea waives only non-jurisdictional defenses. *People v. Carroll,* — P.2d ——, 1996 WL 350877 (Colo.App. No. 94CA1777, June 27, 1996); *People v. Joseph,* 920 P.2d 850 (Colo. App.1995).

Thus, in my view, the majority's rationale related to defendant's right to a lesser non-included offense here is not persuasive.

Because it inappropriately amended a state grand jury indictment, the court deprived itself of jurisdiction in this case. Accordingly, it is anomalous indeed for this court to sanction entry of a plea before a court that lacks jurisdiction over the charging document. Furthermore, there were alternatives available to the prosecution and the court to effectuate a plea bargain other than to render the indictment insufficient by improperly tampering with it.

Because I conclude that the trial court acted outside of its jurisdiction and rendered the indictment void as to the amended count to which defendant entered a plea, I would have us not consider defendant's other contentions.

Accordingly, I would reverse the judgment and remand the cause with directions to vacate the conviction and the sentence imposed and to reinstate the original indictment. Alternatively, because no jeopardy attaches to an indictment defective in substance, *People v. Thimmes,* 643 P.2d 780 (Colo.App.1981), defendant could be charged, on remand, by any appropriate and sufficient pleading.