## No. 27122

**The People of the State of Colorado on the Information of John Stump Witcher, District Attorney within and for the Eleventh Judicial District of the State of Colorado v. The District Court in and for the County of Fremont in the Eleventh Judicial District of the State of Colorado, Southern Division, The Honorable Max C. Wilson, District Judge of said county, and The Honorable J. D. MacFarlane, Attorney General of the State of Colorado**

(549 P.2d 778)

Decided April 30, 1976.                    Rehearing denied June 1, 1976.

John Stump Witcher, District Attorney, for petitioner.

J. D. MacFarlane, Attorney General, Edward G. Donovan, Solicitor General, John W. Hornbeck, Assistant, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney for the Eleventh Judicial District has petitioned this court for a writ of prohibition. We issued a rule to show cause and now discharge the rule.

On May 19, 1975, the governor issued an executive order directing the attorney general of Colorado to appear in the Eleventh Judicial District to investigate and prosecute "all actions and proceedings" stemming from disorders occurring within the Colorado state penitentiary. In response to the executive order, the attorney general conducted an investigation and, pursuant to section 13-73-101, C.R.S. 1973, obtained an order authorizing a state grand jury. Evidence which was the product of the attorney general's investigation was presented to the state grand jury by the attorney general, pursuant to authority granted to him by section 13-73-106, C.R.S. 1973. The grand jury returned true bills against Lee Joseph Martinez, James Montoya, and Reuben Montoya. Venue was designated as Fremont County by the chief judge who authorized the state grand jury. Section 13-73-107, C.R.S. 1973.

During the initial stages of this case, a representative of both the attorney general and the district attorney for the Eleventh Judicial District took part in the prosecution. In response to a motion by defense counsel that an appropriate prosecuting attorney should be designated, the attorney general contended that the case should be prosecuted in the name of the attorney general. The district attorney for the Eleventh Judicial District contested the authority of the attorney general to prosecute the charges levied by the state grand jury. The district judge resolved the controversy against the district attorney and held that the attorney general had the statutory authority to prosecute the cases in issue. The attorney general was then ordered to assume the prosecutorial duties as the representative of the People.

This original proceeding has caused us to review the relevant statutes. The authority permitting the governor to appoint the attorney general to investigate and prosecute this case is found in section 24-31-101(1)(a), C.R.S. 1973, which provides:

"[The attorney general] shall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor or the general assembly . . . ."

A statutory predecessor of this statute, imposing the same obligations and duties upon the attorney general of the State of Colorado was construed in *People v. Gibson*, 53 Colo. 231, 125 P. 531 (1912). The court said:

"[W]hen the governor or the general assembly requires the attorney general to prosecute a criminal case in which the state is a party, he becomes to all intents and purposes the district attorney, and may in his own name and official capacity exercise all the powers of such officer, for he is then, and in that case, the public prosecutor. Being authorized and empowered to appear and prosecute, he can do each and everything essential to prosecute in accordance with the law of the land . . . ."

We later affirmed the *Gibson* case in *Harrah v. People*, 125 Colo. 420, 243 P.2d 1035 (1952).

■ The district attorney contends that the statute authorizing the governor to order attorneys general to prosecute certain actions in behalf of the state conflicts with section 20-1-102, C.R.S. 1973, which provides:

"*20-1-102. Appear on behalf of state and counties.* (1) Every district attorney shall appear in behalf of the state and the several counties of his district:

"(a) In all indictments, actions, and proceedings which may be pending in the district court in any county within his district wherein the state or the people thereof or any county of his district may be a party . . . ."

The same issue was before us in *People v. Gibson, supra*, and resolved in these words:

"So under the law of this state, district attorneys are specifically authorized, *inter alia*, to appear in all indictments, criminal cases and proceedings which may be pending in the district court of their respective counties. Nevertheless, general authority is imposed upon the attorney general to appear and prosecute in all cases wherein the state is a party or interested when required so to do by the governor or general assembly. *The two provisions are not inconsistent. They may stand together. The specific duty imposed upon the district attorneys in no wise limits or excludes the general authority of the attorney general upon the same subject.*" [Emphasis added.]

■ This opinion should not be interpreted as granting to the attorney general broader authority than that which was granted by the general assembly by section 24-31-101(1)(a), C.R.S. 1973. Because the statutory conditions have been met in this case, the request of the governor should be honored, and the attorney general has the right to assume the prosecutorial responsibilities and duties which necessarily follow the indictments returned by the State Grand Jury.

We stress that cooperation between the attorney general and the district attorney will insure the most expeditious and competent representation of the People's interests. *See* our companion decision of *People v. District Court,* 190 Colo. 486, 549 P.2d 774.

Accordingly, the rule to show cause is discharged.

MR. JUSTICE DAY does not participate.