## No. 27106

**The People of the State of Colorado ex rel. Dale Tooley, District Attorney for the Second Judicial District v. District Court in and for the Second Judicial District, State of Colorado, and the Honorable George M. McNamara, judge thereof**

(549 P.2d 774)

Decided April 30, 1976.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Thomas P. Casey, Chief Appellate Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Edward G. Donovan, Solicitor General, John W. Hornbeck, Assistant, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney for the Second Judicial District [Denver] petitioned this court for a writ of mandamus. We issued a rule to show cause and now make the rule absolute.

In April of 1975, a task force, comprised of investigators from the Colorado Department of Motor Vehicles, the Highway Patrol, the Denver Police Department, and several Weld County law enforcement agencies, sought legal assistance in coordinating an investigation of a highly organized auto theft ring that was operating throughout the state. The Denver district attorney's office requested that the organized crime unit in the attorney general's office take charge of and coordinate the investigation, not only because of the complexity of the case, but also because of the involvement of a number of counties and judicial districts. The request by the district attorney pointed out that the criminal transactions which were involved took place in Salida, Greeley, Littleton, Denver, Lakewood, Colorado Springs, Gunnison, Thornton, and in Cheyenne, Wyoming. The request to the attorney general also suggested that there was possible involvement of one local police agency in the organized theft operation.

Because of the far-ranging scope of the investigation, the district attorney's office in Denver believed that the "investigation should be given top priority, and a central coordinating agency be put in charge." The district attorney also suggested that "the subpoena power and far reaching authority of a State Grand Jury may be beneficial." The Weld County district attorney's office joined in the request for an investigation by the attorney general's organized crime unit.

Responding to the request from the district attorney's offices of Denver and Weld Counties, the attorney general's office commenced active investigation of the auto theft ring. Thereafter, pursuant to section 13-73-101, C.R.S. 1973, the chief judge of the Second Judicial District directed

that a State Grand Jury should be impaneled.

On November 14, 1975, the State Grand Jury returned indictments against four individuals charging conspiracy to commit theft and related offenses dealing with the possession and sale of stolen auto parts. The indictments were filed with the Denver district court judge who had ordered the Grand Jury to be impaneled, pursuant to section 13-73-105, C.R.S. 1973. The chief judge thereafter designated the venue as Denver, in accordance with the provisions of section 13-73-107, C.R.S. 1973.

Even though all of the indictments were filed by the attorney general, and all arrest warrants were issued under the authority of the attorney general, a joint appearance for the prosecution, in behalf of both the attorney general's office and the office of the Denver district attorney, was entered at the initial arraignment. Cooperation continued between the two offices in several subsequent court appearances. Thereafter, the district attorney for Denver entered a formal objection to the appearance of the attorney general as prosecutor in the case and requested that the district court enter an order that the district attorney, and not the attorney general, should be responsible for the prosecution of the indictments. At the conclusion of a hearing, the district court granted the attorney general the exclusive power to prosecute the case.[1]

The district attorney for Denver then filed an original proceeding in this court seeking an order which would prohibit the attorney general from proceeding with the prosecution of the case. Additionally, the district attorney requested exclusive authorization to prosecute the indictments which the State Grand Jury returned.

■ Section 24-31-101, C.R.S. 1973, defines the powers and duties of the attorney general of the state and provides, in part, that the attorney general "shall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested *when required to do so* by the governor or the general assembly . . . ." In our companion decision, announced today, of *People v. District Court,* 190 Colo. 483, 549 P.2d 778, we declared that the attorney general is granted the power and the duty under section 24-31-101, C.R.S. 1973, to prosecute cases on behalf of the state when required to do so by the governor. The district attorney contends that this section is the *exclusive* source of the attorney general's powers and that in the absence of a command from the governor or the general assembly, the attorney

---

[1] The district court made the following finding:
"Since the indictment was returned by the State Grand Jury and was presented to the court by the Attorney General and involves multiple judicial districts, and further that the Attorney General has the power and authority to sign and file the Information, and the record also shows that the Office of the Denver District Attorney requested the Office of the Attorney General to take charge of and to coordinate the investigation involved in the alleged offenses, the court concludes as a matter of law that the Attorney General may properly prosecute the case."

general is not authorized to prosecute criminal actions. We agree.

 Contrary to the attorney general's contentions, the statutory powers granted to the attorney general under section 24-31-101, C.R.S. 1973, are not enlarged by the Statewide Grand Jury Act, section 13-73-101, C.R.S. 1973, *et. seq.* Neither by express provision nor by implication did the general assembly grant the attorney general the right to prosecute all indictments returned by a State Grand Jury. Although the Constitution recognizes the attorney general as being part of the Executive Branch of government, *Colo. Const.* Art. IV, Sec. 1, the attorney general does not have powers beyond those granted by the general assembly. *Colo. Const.* Art. IV, Sec. 1; *see also* section 24-31-101, C.R.S. 1973; *People v. District Court,* 190 Colo. 483, 549 P.2d 778.

The attorney general submits that he retains powers and duties based upon the common law and holds a position analogous to the Attorney General of the United States. Since the Attorney General of the United States is the chief law enforcement officer of the nation,[2] the attorney general asserts that he is the chief law enforcement officer of the state. Colorado, however, has neither identified nor required the attorney general to serve as the "people's elected chief law officer," as some states have. *See, e.g.,* Alaska Stat. §§ 44.23.020 to .050 (1962); R.I. Gen. Laws Ann. §§ 42-9-1 to -4 (1957) (Reenactment of 1969).

The Colorado Constitution and the statutory commands of the general assembly grant the bulk of prosecutorial powers and duties to the district attorneys of the several judicial districts. The office of the district attorney is created by the Constitution, and the specific duties which the general assembly has assigned to the district attorneys tend to refute the attorney general's claim. *Colo. Const.* Art. VI, Sec. 13; section 20-1-102, C.R.S. 1973. Section 20-1-102, C.R.S. 1973, entitles the district attorney to prosecute all crimes and to take part in the prosecution of all criminal proceedings which occur within his judicial district. More particularly, section 20-1-102, C.R.S. 1973, provides:

"(1) Every district attorney shall appear in behalf of the state and the several counties of his district:

---

[2] *E.g., In re Coleman,* 208 F.Supp. 199 (D.C. Miss. 1962), *aff'd. Coleman v. Kennedy,* 313 F.2d 867, *cert. denied* 373 U.S. 950, 83 S.Ct. 1681, 10 L.Ed.2d 705 (1963). The executive power is vested in the President of the United States, U.S. Const. Art. II, Sec. 1, who is responsible for insuring the faithful execution of the laws, U.S. Const. Art. II, Sec. 3. The Attorney General acts as the "hand of the president in taking care that the laws of the United States in protection of the interests of the United States in legal proceedings and in the prosecution of offenses be faithfully executed." *Ponzi v. Fessenden,* 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1921); *United States v. Cox,* 342 F.2d 167 (5th Cir. 1965), *cert. denied Cox v. Hauberg,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). *See also* 28 U.S.C. § 507; *Smith v. United States,* 375 F.2d 243 (5th Cir. 1967); *Bass Anglers Sportman's Soc. v. Scholze Tannery, Inc.,* 329 F.Supp. 339 (E.D. Tenn. 1971).

"(a) In all indictments, actions, and proceedings which may be pending in the district court in any county within his district wherein the state or the people thereof or any county of his district may be a party;

"(b) On the hearing of every writ of habeas corpus sued out by any person charged with or convicted of any public offense before the judge of his district;

"(c) In any such indictment, action, or proceeding which may be removed from the district court of any county within his district for appellant review as provided by law and the Colorado appellate rules;

"(d) In any such indictment, action, or proceeding which may be brought to the district court of any county in his district by change of venue from any other district; and

"(e) When he may deem it advisable to do so, in the preliminary examination of persons charged with any offense before any judge within his district."

In accordance with prerogatives granted to the general assembly under *Colo. Const.* Art. IV, Sec. 1, no powers or duties have been granted to the attorney general apart from those which we reviewed in *People v. District Court, supra.* The Statewide Grand Jury Act does not confer authority upon the attorney general to prosecute all indictments returned by a State Grand Jury. Of course, the attorney general, who is responsible for the presentation of evidence to the State Grand Jury, section 13-73-106, C.R.S. 1973, would be of invaluable assistance to the district attorney in the prosecution of the charges returned by the State Grand Jury. Nevertheless, the statute, under the circumstances before us, does not authorize the attorney general to prosecute the charges.

In this connection, we point out that Standard 12.9 of the *National Advisory Commission on Criminal Justice Standards and Goals* provides, in pertinent part:

"The prosecutor should be aware of the importance of the function of his office for other agencies of the criminal justice system and for the public at large. He should maintain relationships that encourage interchange of views and information and that maximize coordination of the various agencies of the criminal justice system."

Further, the *American Bar Association Standards Relating to The Prosecution Function* § 2.2(d) states:

"(d) In cases where questions of law of statewide interest or concern arise which may create important precedents, the prosecutor should consult and advise with the attorney general of the state."

■ We hold that the district attorney of the Second Judicial District shall assume full and exclusive prosecutorial power and duties with respect to the indictments. The indictments were returned and filed in the district court within the Second Judicial District, and venue was set there. Therefore, the district attorney for that district is the appropriate person to prosecute the indictments.

Accordingly, the rule is made absolute.
MR. JUSTICE DAY does not participate.