## No. 28247

**The People of the State of Colorado ex rel. Nolan L. Brown, District Attorney for the First Judicial District, State of Colorado v. The District Court in and for the First Judicial District and the Honorable Joseph P. Lewis, one of the Judges thereof**

(585 P.2d 593)

Decided October 10, 1978.                    Rehearing denied November 6, 1978.

Nolan L. Brown, District Attorney, Janis Chapman, Deputy, for petitioner.

Clark, Martin and Pringle, Bruce D. Pringle, for respondents.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioner district attorney filed this original proceeding pursuant to C.A.R. 21, seeking relief in the nature of prohibition. He asks that we order the respondent trial court to reverse its ruling denying his motion for appointment of a special prosecutor. We issued a rule to show cause and, having concluded that the trial court did not act beyond its jurisdiction, we now discharge the rule.

On April 7, 1978, the defendants Dave Pinelli, Phil Pinelli and Tom Harkness were indicted for professional gambling and conspiracy pursuant to sections 18-10-103 and 18-2-201, C.R.S. 1973. On April 24, 1978, Phil and Dave Pinelli were arraigned and pleaded not guilty. At that hearing John R. Rodman, assistant attorney general, and Janis Chapman, deputy district attorney, requested that Mr. Rodman be granted leave to appear in the case on behalf of the prosecution without remuneration. The defendants objected and the matter was continued until June 19, 1978.

On the latter date the court heard the motion to permit Rodman to enter his appearance and ruled that he could not appear. The trial court concluded that section 20-1-201, C.R.S. 1973, (1977 Supp.), did not give the district attorney power to appoint Rodman as a special deputy district attorney for purposes of this case. Futhermore, the court ruled that an assistant attorney general could not appear as a special deputy district attorney absent express authority from the Governor or the General Assembly.

Section 20-1-201, C.R.S. 1973 (1977 Supp.), enumerates the rights and limitations of district attorneys regarding deputies, assistants, and employees. Insofar as pertinent, it provides:

"(1)(a)  The district attorney in every judicial district is authorized to appoint such deputy district attorneys as he deems necessary to properly discharge the duties of his office, with the approval of the board of county commissioners or boards of county commissioners of multicounty districts or the city council of a city and county affected, and such deputies shall hold their offices during the pleasure of such district attorney. Such deputies shall not engage in the private practice of law nor receive any income from any private law firm.

"(b) The district attorney in every judicial district that is composed in part of *a county or counties of less than twenty-five thousand population* may appoint, with the approval of the board of county commissioners of such county or counties, one or more part-time deputies to fulfill the duties of the district attorney which may arise in such county or counties. Such part-time deputies shall be entitled to receive as compensation for services rendered a sum as provided in section 20-1-203. Such part-time deputies may engage in the private practice of law." [Emphasis added.]

■ The issue is whether an assistant attorney general can also serve for one case as deputy district attorney by special appointment of the district attorney whose district has a population over 25,000. The trial court correctly concluded that subsection 20-1-201(1)(a) contemplated only full-time deputy district attorneys and Rodman's appointment would not fit that category because he was to serve only for the duration of the instant prosecution.

The trial court then sought authority in subsection 20-1-201(1)(b) but properly determined that it authorized appointment of part-time deputies *only* in districts having less than 25,000 population, and then only with approval of the Board of County Commissioners. Neither condition was met here.

■ While the office of district attorney is created by the Colorado Constitution,[1] the specific duties and limitations of that office are found in our statutes as construed by the courts. *People ex rel. Tooley v. District Court,* 190 Colo. 486, 549 P.2d 774 (1976); *Massey v. District Court,* 180 Colo. 359, 506 P.2d 128 (1973); *People v. Bartsch,* 37 Colo. App. 52, 543 P.2d 1273 (1975). No authority to appoint an assistant attorney general as a deputy district attorney can be found in those sources. Moreover, neither *Colo. Const.,* Art. IV, sec. 1, which creates the office of Attorney General, nor section 24-31-101, C.R.S. 1973 (1977 Supp.), which defines the duties of that office, expressly authorizes an assistant attorney general to act temporarily as a deputy district attorney under the circumstances here presented.

In *People ex rel. Tooley v. District Court, supra,* two district attorneys had asked the attorney general's organized crime unit to take charge of and coordinate investigation and prosecution of those involved in a statewide auto theft ring. The case was complex and involved not only many defendants but also multiple counties and judicial districts. A state grand jury was impaneled and it returned indictments. Venue was designated in Denver. At the initial arraignment joint appearances for the prosecution were entered on behalf of both the Denver District Attorney and

---

[1] *Colo. Const.,* Art. VI, sec. 13.

the Attorney General. Thereafter, however, the district attorney formally objected to the attorney general's continuing in the role of co-prosecutor. The district court ruled tht the attorney general could properly prosecute the case.

We reversed, holding that absent an express command from the Governor or the General Assembly, the attorney general is not authorized to prosecute criminal actions.

■ While cooperation of the attorney general and district attorneys in joint law enforcement efforts is certainly to be encouraged, it is beyond the authority of this court to empower an assistant attorney general to perform in the duties assigned by statute to the district attorney. Section 20-1-201, C.R.S. 1973 (1977 Supp.). Any enlargement of the attorney general's prosecutorial power must be sought from the General Assembly.

We conclude that the trial court neither exceeded its jurisdiction nor abused its discretion in granting the defendant's motion to disqualify the prosecutor.

The rule to show cause is discharged.

MR. JUSTICE PRINGLE does not participate.