### No. 79SA335

### The People of the State of Colorado v. William H. Vickers, Jr.

(608 P.2d 808)

Decided March 10, 1980.

306

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Mary E. Ricketson, Assistant Attorney General, for plaintiff-appellee.

Edwin K. McMartin, for defendant-appellant.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

Defendant appeals his convictions for willful failure to file an income tax return, section 39-22-621(3)(a), C.R.S. 1973, and willful failure to pay income taxes, section 39-22-621(3)(b), C.R.S. 1973. We affirm.

Based on income received during the calendar year 1975, defendant owed income taxes of $233.18 to the State of Colorado. Defendant testified that he mailed to the Colorado Department of Revenue (the "Department") a 1975 income tax return form which contained his name, address, and citations to various amendments to the United States Constitution. The return contained no information with respect to income.[1] Defendant asserted that the constitutional provisions cited protect him from being required to furnish the information to which he objected. Those constitutional claims were implicitly found to be invalid by the trial court, and that finding is not challenged on appeal.

---

[1] Witnesses for the People testified that no 1975 return form for defendant could be found in the Department's records.

As part of a criminal investigation, an agent of the Department met with defendant in 1977 and discussed defendant's failure to file a return containing sufficient information to permit determination of tax liability. Defendant refused to file such return. The Department sent a report to the attorney general, who, after examining the evidence, forwarded the report to the district attorney. The district attorney filed and tried to a jury the criminal charges which are the bases for the convictions from which defendant has appealed.

■ Defendant first contends that the attorney general and not the district attorney had authority to prosecute this case. The source of the attorney general's power is section 24-31-101, C.R.S. 1973, which authorizes the attorney general to prosecute and defend actions "in which the state is a party or is interested when required to do so by the governor or the general assembly." The attorney general was never so required in the instant case. Under section 24-35-112, C.R.S. 1973, the attorney general is the legal advisor to the Department and, as such, has control of all matters relating to the commencement of legal proceedings for the enforcement and collection of delinquent taxes. Such control was exercised by the attorney general when, after having reviewed the matter, he referred the case to the district attorney. The district attorney, in accordance with section 20-1-102, C.R.S. 1973, was authorized to prosecute the case. *See Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677 (1963); *see generally People v. District Court,* 190 Colo. 483, 549 P.2d 778 (1976).

■ Defendant maintains that venue was neither properly alleged nor proven. The information stated that defendant, a resident of Pueblo County, Colorado, earned income during 1975 on which he was required to file an income tax return and pay income taxes, and that he willfully failed to file such return and pay such taxes. The evidence supported that statement. An information is sufficient with respect to venue if it can be understood therefrom "[t]hat the offense was committed within the jurisdiction of the court, or is triable therein." Section 16-5-202(1)(c), C.R.S. 1973. Crim. P. 18(a)(1) provides for trial of a criminal action "in the county where the offense was committed, or in any other county where an act in furtherance of the offense occurred." Failure of a Pueblo County resident to pay taxes or file a return constitutes an act in Pueblo County in furtherance of the crimes charged, within the meaning of Crim. P. 18(a)(1). It is thus apparent that venue was properly alleged and proven. Even if venue had been improper, defendant, by submitting without objection to a jury trial in Pueblo County, waived any right to object. *Davis v. People,* 83 Colo. 295, 264 P. 658 (1928).

■ Defendant next contends that he was improperly prosecuted for failure to file a return under section 39-22-621(3)(a), C.R.S. 1973. He states that he complied with the filing requirement by mailing to the Department a return which contained his name, address, and

constitutional objections to answering all other pertinent questions. Section 39-22-601(1), C.R.S. 1973, requires that a return set forth such items as income, deductions, and exemptions. A purpose of this requirement is to allow the computation of taxes imposed by the legislature. *See* section 39-22-601(1), C.R.S. 1973. With respect to federal income tax returns, it has been held that:

"A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commission."

*United States v. Porth,* 426 F.2d 519, 523 (10th Cir. 1970). We adopt this same rule with respect to Colorado income tax returns. As defendant's form contained no information from which his tax liability could be computed, he failed to file a "return" within the meaning of sections 39-22-601(1) and 621(3)(a), C.R.S. 1973, and prosecution for this failure was authorized.

Defendant asserts that, if the statute is so construed, it is unconstitutionally vague in that it did not advise him that filing the return form omitting information as to income, deductions, and exemptions would constitute failure to file a return. This argument is not tenable. Section 39-22-601(1), C.R.S. 1973, adequately advised defendant of the information which must be supplied to constitute a "return." *See United States v. Afflerbach,* 547 F.2d 522 (10th Cir. 1977); *United States v. Hoopes,* 545 F.2d 721 (10th Cir. 1977). We also note that the jury was properly instructed that defendant's failure to file a return must have been willful to support a conviction. The evidence supported such a finding. *See United States v. Afflerbach, supra; United States v. Hoopes, supra.*

Defendant argues that it is the duty of the executive director of the Department, pursuant to section 39-21-103, C.R.S. 1973, to determine the correct amount of tax due in the first instance. Section 39-21-103 does provide for such a determination after a return has been filed. In the instant case no "return" was filed. Defendant refused to furnish the Department with any information from which the tax could be computed. Therefore, defendant is not within the class of persons protected by section 39-21-103 and prosecution for willful failure to pay income taxes is appropriate without the necessity for a prior determination of the correct tax due in accordance with section 39-21-103.

Defendant urges that the trial court erred in giving various jury instructions. However, no specific objection was made as required by Crim. P. 30 prior to submission of instructions to the jury and, absent plain error, such objections will not be considered on appeal. *People v. Casey,* 185 Colo. 58, 521 P.2d 1250 (1974). We have considered the jury instructions as a whole and have found no plain error in the giving of any instruction.

310

We have considered all other matters argued by the defendant and have found each to be without merit.

The judgment is affirmed.