**DENVER FIRE FIGHTERS LOCAL 858, IAFF and Denver Police Protective Association, Plaintiffs–Appellants,**

v.

**CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, Arthur Lucero, President of the Civil Service Commission, Deborah Wagner, Commissioner, Jane Woodhouse, Commissioner, Leslie Franklin, Commissioner, Edward Sullivan, Commissioner, Defendants–Appellees.**

No. 88CA1468.

Colorado Court of Appeals, Div. III.

Oct. 26, 1989.

Brauer & Buescher, P.C., Ellen M. Kelman and Thomas B. Buescher, Denver, for plaintiffs-appellants.

Stephen H. Kaplan, City Atty., and Darlene M. Ebert, Asst. City Atty., Denver, for defendants-appellees.

Opinion by Judge PLANK.

Plaintiffs, designated organizations representing local fire fighters and police officers, appeal the trial court's dismissal, pursuant to C.R.C.P. 12(b)(5), of their claims for a writ of mandamus, mandatory injunction, and declaratory judgment. We reverse.

The plaintiffs filed a complaint alleging the defendant Civil Service Commission did not follow the Denver City Charter § C5.73–5(1)(c) by failing to name a certain individual as a potential civil service hearing officer. The plaintiffs also contend that the Commission placed an unqualified candidate on the preliminary hiring list in violation of Denver City Charter § C5.73–5(1)(d).

## I.

■ The plaintiffs argue that the trial court erred in interpreting the pertinent Charter provisions to mean that the Commission, acting alone, has discretion to deem an applicant qualified as a hearing officer. We agree.

The relevant sections of the hearing officer selection process are:

"C5.73–5(1) *The Civil Service Commission shall enter into contractual arrangements* with at least three (3) persons and as many more as determined necessary by the Commission to serve as hearing officers to hear disciplinary appeals.... *In order to be qualified for selection as a hearing officer,* an individual must:

"(a) Have a license to practice law, provided that the license need not be currently active so long as it has not been suspended or revoked pursuant to a disciplinary order by a court of competent jurisdiction; and

"(b) Have served as a neutral hearing officer or arbitrator in employer-employee disputes for at least three years and have conducted at least ten (10) hearings per year in each of two (2) of the last three (3) years; or

"(c) Have a minimum five (5) years' experience in the active practice of law, including two (2) years of experience practicing before federal or state courts or federal, state or local administrative agencies authorized to conduct evidentiary hearings ... or

"(d) Be deemed qualified by the Commission, Manager of Safety and each designated representative.

"C5.73–5(2) The hearing officers contracted with shall be selected as follows. The commission shall compile a list of *all* qualified persons willing to be hearing officers." (emphasis added)

Under its plain language, § C5.73–5 provides two ways for a person to be qualified to appear on the preliminary hiring list submitted to the Manager of Safety and the plaintiff. The first way is an automatic qualification if the individual has a license to practice law and meets the qualifications set forth in either §§ C5.73–5(1)(b) or (c). The other way a person can appear on a list is to have a law license and, pursuant to § C5.73–5(1)(d), be deemed qualified collectively by *the Commission*, the *Manager of Safety*, and the *plaintiffs*, who are the Charter designated representatives.

The trial court concluded that the Commission alone had discretion to name candidates qualified to appear on the original list under §§ C5–73–5(1)(b) and (c), and that it could unilaterally deem candidates qualified under § C5–73–5(1)(d). Further, it ruled that the Commission could, in its sole discretion, place any individual on the hiring list under § C5.73–5(1)(d) regardless of consent from the plaintiffs or the Manager of Safety. The trial court additionally found that it is not mandatory that individuals qualified under §§ C5.73–5(1)(b) or (c) be placed on the hearing officer candidate list. We do not so construe the Charter.

The authority of the Commission is derived from the Charter. *Spickard v. Civil Service Commission,* 31 Colo.App. 450, 505 P.2d 32 (1972). A city charter is to be strictly construed, and no powers are to be exercised except those expressly conferred or necessarily implied. *City of Central v. Axton,* 150 Colo. 414, 373 P.2d 300 (1962).

The Commission's role in the selection process is limited by the Charter. Pursuant to Charter provisions, it compiles a list of *all* applicants that meet the specific criteria set out in the charter plus those other applicants which it deems to be qualified and passes the completed list to the Manager of Safety and the plaintiffs for *their* consideration as to the applicants deemed to be qualified. The Commission then has

the power to contract with any of the applicants that meet either the specific criteria or that have been collectively deemed qualified.

Sections C5.73–5(1)(b) and (c) do not allow the Commission to exclude qualified applicants from the selection process. Further, the Commission's placing an individual on the discretionary list without the consent of both the plaintiffs and Manager of Safety is prohibited by Charter.

## II.

 We reject the defendant's contention that this issue is moot. Under the Charter, the hearing officer selection is an annual process, and we do not deem the issue moot merely because the 1988 hearing officers' terms have expired. This issue is capable of repetition yet evading review; hence, it remains a viable justiciable issue. *See Bestway Disposal v. Public Utilities Commission,* 184 Colo. 428, 520 P.2d 1039 (1974).

## III.

We conclude that the trial court should have issued a declaratory judgment ordering the Commission to list all qualified applicants under §§ C5.73–5(1)(b) and (c). Also, the trial court should have ordered the Commission to complete the hearing officer candidate list in conjunction with the plaintiff and Manager of Safety, pursuant to § C5.73–5(1)(d).

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG and NEY, JJ., concur.