Lawrence Everett HARRIS,
Plaintiff–Appellee,

v.

The JEFFERSON COUNTY COURT and the Honorable Robert Morris, one of the Judges thereof, and Donald E. Mielke, District Attorney, Defendants–Appellants.

No. 89CA1652.

Colorado Court of Appeals,
Div. V.

Feb. 28, 1991.

Miller, Hale & Harrison, Daniel C. Hale, Boulder, for plaintiff-appellee.

Donald E. Mielke, Dist. Atty., First Judicial Dist., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for defendants-appellants.

Opinion by Judge PLANK.

This appeal challenges the judgment of the district court holding that the district attorney does not have authority to prosecute actions under § 25–15–310, C.R.S. (1989 Repl.Vol. 11A). We affirm.

The District Attorney of the First Judicial District initiated a county court action against the plaintiff here, Lawrence E. Harris, under § 25–15–310 for unlawfully and knowingly treating, storing, and disposing of hazardous waste without a permit. Harris moved to dismiss, asserting the district attorney did not have proper authority to prosecute the action, which the county court denied.

Harris then filed a complaint pursuant to C.R.C.P. 106 in the district court, asking it to direct the county court to dismiss the action. The district court held that the district attorney did not have the authority to prosecute the case and ordered it remanded to county court for dismissal.

## I.

On this appeal, the district attorney argues that his authority to prosecute violations of law within his judicial district extends to violations of § 25–15–310. We disagree.

■ Ordinarily the district attorney has authority to prosecute all violations of law which occur in his judicial district. However, when the General Assembly authorizes a different body to prosecute a particular type of action, then the district attorney is without authority to act. *See People v. District Court,* 190 Colo. 483, 549 P.2d 778 (1976); *People v. Gibson,* 53 Colo. 231, 125 P. 531 (1912).

■ Here, the statute involved is the State Hazardous Waste Management Act, § 25–15–301, et seq., C.R.S. (1989 Repl.Vol. 11A).

Section 25–15–301(1), C.R.S. (1989 Repl. Vol. 11A) provides:

"The *department [of health] shall be the entity in the state responsible for the regulation of hazardous waste management; however, the department may* in accordance with section 25–15–306 *enter into agreements with local governments to conduct specified activities* involving monitoring, inspections, and technical services *but not* permit issuance or *enforcement."* (emphasis added)

Thus, although the department of health may delegate some of its authority, it may *not* delegate its authority to *enforce* the provisions of the statute.

In addition, § 25–15–308(2), C.R.S. (1989 Repl.Vol. 11A), which specifically addresses enforcement, provides:

"Whenever the department finds that any person is in violation of any permit, rule, regulation, or requirement of this part 3, the department may issue an or-

der requiring such person to comply with any such permit, rule, regulation, or requirement *and may request the attorney general* to bring suit for injunctive relief or for penalties pursuant to section 25–15–309 *or 25–15–310."* (emphasis added)

Section 25–15–310 concerns criminal penalties under the Act. It does not contain language specifically limiting the enforcement of its provisions to the department of health, and because such language is not included, the district attorney argues that he may prosecute violations of it. We disagree.

In construing statutes, we must choose a construction that complies with the statutory scheme and must not strain to give language other than its plain meaning. *Department of Social Services v. Board of County Commissioners,* 697 P.2d 1 (Colo. 1985).

The statutory scheme of the Hazardous Waste Management statute is clear. The General Assembly gave exclusive enforcement authority to the department of health. If the department chooses to initiate criminal proceedings under the Act, it may ask the attorney general to prosecute. Consequently, the district attorney does not have independent authority to prosecute violations of § 25–15–310. *People v. Gibson, supra.*

## II.

■ Since the initiation of this appeal, plaintiff, Lawrence Harris, has died. The parties contend that plaintiff's death renders this appeal moot. We disagree.

Because the issue addressed herein is capable of repetition, it remains a viable, justiciable issue. *Bestway Disposal v. Public Utilities Commission,* 184 Colo. 428, 520 P.2d 1039 (1974); *Denver Firefighters v. Civil Service Commission,* 782 P.2d 1222 (Colo.App.1989).

Judgment affirmed.

HUME and NEY, JJ., concur.