## HARRIS v. THE PEOPLE.

1. CRIMINAL LAW—TIPPLING HOUSE.

A tippling house is a public drinking house, where intoxicating liquor is sold in small quantities.

2. SAME—PROOF OF KEEPING OPEN ON SUNDAY.

Proof that the public had access to the house kept open on Sunday by the defendant for the purpose of selling beer in small quantities is sufficient to make out a case. Proof of actual sale is not necessary. Neither is it necessary to show that the liquors sold were actually drank upon the premises.

3. PRACTICE IN CRIMINAL CASES—MISNOMER.

A misnomer can be taken advantage of by the defendant in a criminal case only by plea in abatement. Upon such plea being interposed, and its truth ascertained by the court, the indictment will not be quashed or the prosecution abated, but the true name should be entered of record.

4. SAME.

When the court ascertains that the defendant has been indicted under a wrong name, it may, without a plea in abatement, order his correct name to be entered of record, and proceed with the cause.

*Error to the Court of Appeals.*

ON MARCH 13, 1891, an indictment was returned into the district court of Arapahoe county, charging the defendant, under the name of Charles Harris, with keeping open a tippling house on the Sabbath day. The defendant was convicted and sentenced to confinement in the jail of Arapahoe county. From that judgment, by writ of error, he went to the court of appeals, where the judgment of the trial court was affirmed. The defendant is here by writ of error to the judgment of the court of appeals, and assigns as error two propositions: *First*, that the court erred in failing to give to the jury the correct definition of a tippling house; *second*, that the court erred in causing the true name of the defendant, Isaac Harris, to be inserted in the record, instead of the name of Charles Harris, which appeared in the indictment as filed.

The evidence tended to show that the defendant kept a store in which he sold groceries in the front part of the room, and bottled goods and beer on draught in the back part. It was a public place, to which the public were invited, and to which they came. It was a grocery store, but was also a store for the sale of liquors. Kegs of beer were constantly kept on tap, and therefrom was drawn and sold, in small quantities, beer, which was delivered to customers, who received it in pitchers and other open vessels.

Upon the Sunday in question, it appeared that the defendant's place of business was kept open and the public solicited to enter it, which they did, the same as on week days. People were seen going in and coming out the same as on other days. The defendant himself admits selling beer and delivering it in open vessels to any persons desiring to buy.

There was no direct evidence that the beer was drunk on the premises at any time, either upon this or any other day, —and defendant swears that it never occurred,—but upon this day, as at other times, persons in an intoxicated condition were seen "hanging" about defendant's place of business from time to time, going in and coming out as they pleased.

Mr. GEO. F. DUNKLEE and Mr. O. E. JACKSON, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. H. T. SALE, of counsel, for the People.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

From the admitted fact of the selling and the uncontradicted evidence as to the character of the house and the kind of people frequenting the same and their condition as to insobriety while there, the jury were, in law, justified in finding therefrom as an inference the additional fact that tippling was indulged in upon the premises. But, in our view of the case, it was not necessary to show, in order to constitute the offense charged, that liquor was actually drunk upon the premises. The defendant himself concedes that as to this branch of the case the prosecution has made out the offense with the exception of proof that the place was a tippling house; and that the only error of the court was in refusing the instruction asked by him. We think the evidence is sufficient to justify the verdict.

The defendant requested the court to give to the jury the following instruction: "The court instructs the jury that a tippling house is a public drinking place; a place where liquors or other intoxicating drink is sold, to be drank on the premises." The definition embodied therein is one that is found in many of the decisions; but we do not think it is the only definition that can be formulated; neither do we consider it correct if it be construed as requiring that the liquor sold must be drunk on the premises.

In *Koop v. The People*, 47 Ill. 329, under a statute like ours, it is said: "This offense is classed under the head of offenses against the public morality, health and police, and to constitute it, the actual sale of liquors of any kind, on the Sabbath day or night, is not a requisite. The offense is in keeping a tippling house open on the Sabbath day or night.

VOL. XXI—7

" The proof, then, on the part of the prosecution, should be that the defendant kept a tippling house, and that would be established by proof that he kept a grocery or drinking saloon, for the sale of strong drinks. ' A tippling house' is defined to be ' a public drinking house.' "

To this house of defendant the public had access. Defendant sold beer in small quantities to any person who called for it. He furnished to purchasers the opportunity to drink it on the premises. The actual sale, even, was not necessary to make out the offense, if the house was kept open for the purpose of sale to any customers who wanted to buy. Neither was it necessary, as appears from the foregoing case, to show that liquors sold were actually drunk upon the premises. The sale of liquor was made in small quantities, and the invitation and the opportunity for drinking the same were furnished by the defendant to purchasers; and these facts, together with the fact that the house was kept open on the Sabbath day, were sufficient to convict.

It is undoubtedly true that if one keeps open on the Sabbath day a public house where intoxicating liquors are sold in small quantities and drunk on the premises, he violates the statute. We think it is equally true, and so hold, that he is equally guilty under the statute who keeps open on the Sabbath day a public house where liquor is habitually sold in small quantities and delivered on the premises in open vessels, so that facilities are furnished to those buying the liquor of drinking the same in such house if they so desire. · The evil intended to be prohibited by this statute consists in keeping open a public house where liquor is sold in small quantities, and the opportunity is given to purchasers to drink it on the premises; and if customers are so considerate as to buy liquor, but not actually to drink it in the house where it is sold, the owner of the house has violated the statute by keeping open the place and furnishing every facility to, and permitting, the buyer to drink on the premises if he sees fit to do so. This forbearance of the purchaser ought not to shield the seller from the consequences of his acts, as they are all which, in

any event, the seller could commit to make out the offense charged.

The court of its own motion substantially instructed the jury in accordance with the views which we have herein above expressed, and so, even though the instruction asked contained a proper definition, in part at least, of a tippling house, the instructions as given likewise substantially gave to the jury a definition equally comprehensive and equally correct.   In this there was no prejudicial error.

At the trial it was discovered that the true name of the defendant was Isaac Harris, instead of Charles Harris, and the court ordered, without the consent of the defendant, that his true name be inserted in the record in accordance with the fact.   It does not clearly appear how it was ascertained by the court that the defendant had been indicted under a wrong name.   A plea in abatement was the proper way for the defendant to take advantage of the misnomer.   Such a plea, however, was not interposed, nor was any exception taken to the ruling of the court in so changing the name of defendant. But if a plea in abatement on the ground of misnomer had been interposed by defendant, and the fact ascertained by the court that the defendant was indicted under a wrong name, the indictment should not have been quashed, nor the prosecution abated.   The true name, as set forth in the plea, should be entered of record by the clerk upon the order of the court, and the cause should proceed as though the indictment contained the correct name of the accused.   General Statutes (1883), sec. 997 ; Mills' An. Stats., sec. 1503.   This statute expressly permitting this change to be made, there was no error of the court in ordering the true name of defendant to be entered of record.

It follows that the judgment of the court of appeals should be affirmed.

*Affirmed.*