The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ernest Dehoyos MARTINEZ, Defendant-Appellant.

No. 78–825.

Colorado Court of Appeals, Div. I.

Dec. 13, 1979.

Rehearing Denied Jan. 10, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph H. Hellewell, Greeley, for defendant-appellant.

KELLY, Judge.

Ernest Martinez appeals his jury conviction of second degree assault and the sentence imposing enhanced punishment for a violent crime. Martinez contends that the trial court erred in allowing the People to amend the information to add the violent crime sentencing allegation after the case was set for trial, and in permitting the district attorney to elicit certain opinion testimony from the victim's treatment physician. We affirm.

On June 21, 1977, Martinez and a co-defendant were charged in an information with second degree assault. Martinez failed to appear for the trial on December 20, and his co-defendant was tried and convicted in his absence. On January 16, 1978, Martinez appeared before the court and his trial was set for April 19. On February 1, the district attorney filed a motion to amend the information by adding a second count, a violent crime sentencing allegation. Defense counsel was notified by the district attorney of the filing of the motion; however, no hearing was held, and on March 28, 1978, the trial court ordered the information amended.

The day before trial, in the course of discussions regarding another motion *in limine,* defense counsel raised an objection based upon the court's failure to hold a hearing prior to ordering the amendment. The trial court overruled the objection, but instructed counsel that the propriety of the court's order allowing the amendment could be argued at a hearing prior to trial the following morning.

I.

■ Martinez argues that the trial court erred in allowing the addition of the second count because the district attorney's motion failed to comply with Crim.P. 47. We disagree. The motion clearly puts counsel on notice of the relief to be sought, satisfying the purpose of the rule.

Martinez also objects because the motion was granted without a hearing. The trial court adequately remedied this situation, however, by offering defense counsel the opportunity to argue the issue before the trial began. Defense counsel failed to take advantage of this opportunity and, consequently, waived his objection to the absence of a hearing. See *Maraggos v. People,* 175 Colo. 130, 486 P.2d 1 (1971).

■ Martinez' final challenge, that the amendment was a substantial change charging an additional offense, is also without merit. A violent crime sentencing allegation does not constitute a substantive offense, but is a sentencing provision requiring no preliminary hearing. *Brown v. District Court,* 194 Colo. 45, 569 P.2d 1390 (1977). Consequently, the amendment did not charge a new, different, or additional offense not alleged in the original complaint, and resulted in no prejudice to the ability of the defendant to defend against the second count. See *People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978); Crim.P. 7(c).

II.

Martinez also contends the trial court erred in permitting the victim's treating physician to testify regarding the nature and extent of the victim's injuries. He argues first that the foundation regarding the doctor's qualifications as an expert was insufficient. We disagree.

■ The trial court recognized the doctor's expertise to be limited to the general practice of medicine. At the time of trial, the witness was a physician licensed to practice medicine in Colorado. He treated the victim in the emergency room on the date of the incident and testified to the extent of the victim's injuries. The competency of the expert was for the trial court to determine, and we find no abuse of discretion in the qualification of the doctor as an expert in the general practice of medicine. See *People v. Brake,* 191 Colo. 390, 553 P.2d 763 (1976).

■ Relying on *McKee v. People,* 69 Colo. 580, 195 P. 649 (1921), Martinez argues that the trial court erred in allowing the doctor to testify, over his objection, that the victim's injuries amounted to serious bodily injury in the language of the statutes. Sections 16–11–309, 18–3–203(1)(a), C.R.S.1973. He argues that the witness was testifying to an ultimate fact, an impermissible inva-

sion of the province of the jury. We disagree.

Since 1942, the trend has been to abandon the rule that an expert's opinion as to an ultimate fact in issue is not competent evidence. *McCormick on Evidence* § 12 (E. Cleary 2d ed. 1972); *see Bridges v. Linty*, 140 Colo. 582, 346 P.2d 571 (1959); 7 *J. Wigmore, Evidence* §§ 1920–21 (Chadbourn rev. 1978). Under the modern view, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed.R. Evid. 704; *see also Colorado Rules of Evidence* (C.R.E.) 704 (effective January 1, 1980). Hence, the trial court did not err in allowing the doctor to testify.

Judgment affirmed.

COYTE and SILVERSTEIN, JJ., concur.