The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Wyatt BOBO, Defendant–Appellee.

No. 94CA0928.

Colorado Court of Appeals, Div. I.

May 18, 1995.

David J. Thomas, Dist. Atty., Dennis Hall, Deputy Dist. Atty., Golden, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge CASEBOLT.

In this criminal proceeding, the People appeal the trial court's dismissal of the indictment against defendant, Wyatt Bobo, because of improper venue. We reverse and remand.

Defendant was indicted by the grand jury for the First Judicial District for various offenses, including theft and violation of the Colorado Organized Crime Control Act (COCCA), § 18–17–101, et seq., C.R.S. (1986 Repl.Vol. 8B), arising out of his alleged creation of and participation in a real estate scheme to defraud investors.

According to the allegations contained in the indictment, defendant, with the assistance of other participants, represented himself as a real estate investor and money manager wishing to invest in gaming and real estate ventures in Gilpin County, which is located in the First Judicial District. He obtained the services of attorneys and businessmen in Colorado who located and began negotiations on his behalf to purchase several specific pieces of property in Gilpin County which could be developed into casinos or gaming-related businesses.

Defendant also began to conduct negotiations with other individuals who agreed to invest substantial sums of money toward the acquisition of the properties. He represented to these investors that he planned to pool their money with his own allegedly substantial funds in order to purchase these properties. The investors later learned that defendant did not have any money to invest in these properties.

Some of the negotiations with potential investors took place at an attorney's office in Denver which is in the Second Judicial District; none occurred in the First Judicial District. However, persons acting on behalf of defendant travelled from Denver through Jefferson County to Gilpin County and inspected these properties and conducted negotiations to purchase them. Defendant himself never travelled to Gilpin County but rather conducted negotiations over the telephone or by facsimile transmission.

Eventually, defendant was able to convince several out-of-state investors to invest in his scheme. The investors sent funds to defendant's attorney in Denver. The attorney later disbursed approximately $500,000 of these funds to defendant via wire transfer to California. Additional funds were also disbursed by making a downpayment on real estate in Gilpin County. According to the indictment, defendant did not use the funds he received in California to further the purchase of the properties but rather spent the money on personal items or on other unauthorized business expenses.

After the discovery of defendant's defalcations, the First Judicial District Grand Jury conducted an inquiry. The Grand Jury returned an indictment which the chief judge ordered to be filed in Jefferson County pursuant to § 13–74–107, C.R.S. (1987 Repl.Vol. 6A). Defendant was then arrested in California and transported to Colorado.

Prior to trial, defendant filed a timely motion to dismiss because of improper venue. The People responded, contending that, even if venue in Jefferson County was improper, the trial court should merely transfer venue to the appropriate county.

911

The trial court found that the crimes charged were commenced out-of-state and completed in Denver. Accordingly, under its reading of § 18-1-202(5), C.R.S. (1986 Repl. Vol. 8B), the trial court concluded that venue was proper only in Denver. It did not transfer the cause from Jefferson County to Denver, however, concluding that, in light of the holding in *People v. Taylor*, 732 P.2d 1172 (Colo.1987), it was prohibited from transferring venue to another judicial district. Consequently, it dismissed the case.

The People argue that the trial court erred in holding that venue for the theft and COCCA offenses was proper only in the Second Judicial District. Specifically, they assert that the trial court erred in holding that the crimes were consummated in Denver; rather, they contend that the crimes were consummated in California and that, under § 18-1-202(1), venue was proper in the First Judicial District because "acts in furtherance of the offense" occurred in that district.

We conclude that, because sufficient acts in furtherance of the offenses occurred in Gilpin County to establish venue in the First Judicial District, we need not address where the crimes were consummated. Accordingly, we reverse and remand for reinstatement of the three counts of the indictment appealed.

## A.

The People contend that the trial court erred in dismissing three specific counts of the indictment: (1) a violation of § 18-17-104(3), C.R.S. (1986 Repl.Vol. 8B) of COCCA; (2) a conspiracy count in connection with the COCCA charge; and (3) one count of theft pursuant to § 18-4-401(1)(b), C.R.S. (1986 Repl.Vol. 8B).

The portion of the indictment charging a violation of COCCA asserted:

(1) that the defendant; (2) was associated with an enterprise; and (3) participated in the conduct of that enterprise (4) by engaging in at least two acts of racketeering activity, at least one of which occurred in the State of Colorado after July 1, 1981.

The statute prohibits a defendant from engaging in, or benefiting from, a "pattern of racketeering activity." *People v. Chaussee*, 880 P.2d 749 (Colo.1994). A pattern of racketeering activity is defined as engaging in at least two acts of racketeering activity which are related to the conduct of an enterprise. Section 18-17-103(3), C.R.S. (1986 Repl.Vol. 8B). To engage in racketeering activity means "to commit, attempt to commit, to conspire to commit, or to solicit, coerce, or intimidate another person to commit" any one of a number of prohibited activities as defined by federal or state law, including theft. Section 18-17-103(5), C.R.S. (1986 Repl.Vol. 8B).

Pursuant to § 18-17-104(4), C.R.S. (1986 Repl.Vol. 8B) defendant was further charged with conspiracy to violate § 18-17-104(3).

Finally, defendant was charged with a violation of the theft statute itself, § 18-4-401(1)(b), C.R.S. (1986 Repl.Vol. 8B), in addition to the utilization of the theft charge as a predicate offense under COCCA. The indictment asserted that on and before the date of his arrest, in Gilpin, Jefferson, and Denver counties, defendant knowingly obtained and exercised control over $15,000 or more without authorization and by threat or deception, and knowingly used, concealed, or abandoned it in such a manner as to deprive the owner permanently of its use and benefit.

## B.

Section 18-1-202, C.R.S. (1986 Repl. Vol. 8B), the general statute governing venue in criminal actions, provides in pertinent part as follows:

(1) Except as otherwise provided by law, criminal actions shall be tried in the county where the offense was committed, or in any other county where an act in furtherance of the offense occurred.

. . . .

(4) Theft of property is committed and the offender may be tried in any county in which he exercised control over the property.

(5) If the commission of an offense commenced outside the state is consummated within this state, the offense is committed and the offender shall be tried in the county in which the offense is consummated.

Under the plain language of § 18–1–202(1), C.R.S. (1986 Repl.Vol. 8B), criminal actions "shall be tried" in one of two places, *i.e.*, either the county where the offense was committed *or* any other county in which an act in furtherance of the offense occurred. Sections 18–1–202(4) and (5), C.R.S. (1986 Repl. Vol. 8B) define the place where a criminal act is *committed*, but do not, in themselves, further limit or define where or under what circumstances an act in furtherance of the offense occurs. Section 18–1–202(4) indicates that theft is *committed* in any county where the offender exercises control over the property, and § 18–1–202(5) merely indicates that when an offense commenced outside the state is consummated within this state, the offense is thus *committed* here, and consequently, the offender is to be tried in the county where the offense is consummated. Neither § 18–1–202(4) nor § 18–1–202(5), however, negates or modifies in any way the provision of § 18–1–202(1) which allows trial "in any other county where an act in furtherance of the offense occurred" *in addition to* the place where the criminal act was committed.

It follows, therefore, that we do not read the term "except as otherwise provided by law" in the introductory phrase of § 18–1–202(1) to refer to § 18–1–202(5) and thus mandate that an action involving a crime commenced outside the state can only be tried in the county in which it is consummated. Such a reading would negate the statutory language allowing trial where acts in furtherance of the offense have occurred. If separate clauses within a statute may be reconciled by one construction but would conflict under a different interpretation, the construction which results in harmony rather than inconsistency should be adopted. *People v. District Court*, 713 P.2d 918 (Colo. 1986).

We note further that the other provisions in §§ 18–1–202(2) through 18–1–202(10), C.R.S. (1986 Repl.Vol. 8B) only elaborate the circumstances under which a crime is "committed," lending further support to our interpretation of the statutory scheme.

Here, all parties conceded that the criminal acts at issue commenced outside the state. The trial court then interpreted § 18–

1–202(5) as designating the *only* place where a criminal action alleging these violations could be tried. Applying that reasoning, it found that, because the theft and COCCA violations were commenced in California and consummated in Denver, venue could exist only in Denver.

However, we conclude that venue is proper in a county where the criminal act was committed, or in any other county in which an act in furtherance of the offense occurred. *See People v. Freeman*, 668 P.2d 1371 (Colo. 1983). Thus, we need not determine whether the COCCA and theft violations were "consummated" in California or Denver because, by the language of § 18–1–202(1), venue would be proper in the First Judicial District if sufficient acts in furtherance of the charged offenses occurred there. Hence, in order to determine whether venue is proper in the First Judicial District under § 18–1–202(1), we must determine whether the indictment alleges that sufficient acts in furtherance of the theft and COCCA violations occurred in any county within that district and, if so, whether these acts are connected to defendant. *See People v. Cortez*, 737 P.2d 810 (Colo.1987); *People v. Taylor, supra.*

"Acts in furtherance" are not specifically defined in the statute. Consequently, we first review applicable case law in which that phrase was applied.

In *People v. Freeman, supra,* the defendant kidnapped and murdered a victim in Denver in order to obtain the victim's automobile and thereafter sold the vehicle to undercover officers in Jefferson County. Defendant challenged venue for the murder charges in Jefferson County. The court noted that the defendant committed the kidnapping and murder at least in part to obtain the vehicle for sale and that he likewise had been at least partially motivated to dispose of the vehicle in Jefferson County out of a desire to conceal his participation in the murder. The court therefore concluded that acts in furtherance of the murder had occurred in Jefferson County and that venue for the murder charges was thus proper in that county.

In *People v. Gould*, 193 Colo. 176, 563 P.2d 945 (1977), the supreme court held that ven-

ue was improper in Jefferson County when Drug Enforcement Administration agents purchased illicit drugs from the defendant in a "face-to-face, hand-to-hand" transaction in Denver. The agents had met with other individuals in Jefferson County before proceeding to Denver to purchase the drugs, but these individuals were not called as witnesses at trial, and no evidence was offered connecting the defendant to the meeting. Accordingly, the court held that there were no acts in furtherance of the crime in Jefferson County that could be attributed to the defendant which would establish venue in Jefferson County.

Likewise, in *People v. Cortez, supra,* the defendant was arrested in Denver when he attempted to sell goods stolen from a home in Adams County to a pawn shop located in Denver. The defendant was tried in Adams County on charges of theft by receiving and burglary but was acquitted of the burglary charge. There was no evidence to indicate that defendant had gained possession of the goods in Adams County or had otherwise been involved in any act which furthered theft by receiving in Adams County. Because the defendant was acquitted of any burglary occurring in Adams County, the court accordingly held that venue for the theft by receiving charge was improper in Adams County.

█ We ordinarily interpret statutory words and phrases according to commonly accepted meanings. *People v. Schuett,* 833 P.2d 44 (Colo.1992). *Webster's Third New International Dictionary* at 924 (1986) defines "furtherance" to include a helping forward, advancement, or promotion. In light of these cases and this definition, we conclude that an act in furtherance of an offense requires that there be some conduct by defendant connecting him or her to the county which helps forward, advance, or promote the crime charged. Hence, a review of the indictment and supporting documentation is necessary to determine whether an "act in furtherance" of one or more of the charged offenses occurred in the First Judicial District.

█ According to the prosecution's theory and the supporting documentation, defendant's efforts to purchase the Gilpin County properties were conducted for the purpose of inducing investors to loan or invest money in the casino ventures which defendant could then convert to his own use. Although defendant never travelled to Gilpin County, others within his alleged employ and at his direction did so in order to identify and negotiate the sale of the properties. Defendant was connected to the acts of these individuals because they were committed at his direction and with the alleged specific intent of furthering the investment of money in his enterprise. Moreover, money received by defendant's agent was actually applied as a downpayment on property located in Gilpin County.

Because the negotiations and other activities undertaken on defendant's behalf in Gilpin County were acts that advanced, promoted, and furthered this scheme and the alleged theft and COCCA violations, the First Judicial District was a proper venue for the offenses alleged here. Accordingly, the trial court erred in dismissing the case because of improper venue. *See People v. Taylor, supra.*

We are not asked to determine, and we do not decide whether venue in Jefferson county is subject to alteration to another county in the same judicial district. *See* § 13–74–107, C.R.S. (1987 Repl.Vol. 6A); Crim.P. 21; *People v. Taylor, supra.*

The judgment of dismissal is reversed, and the cause is remanded to the trial court for reinstatement of counts 1, 2, and 7 of the indictment, and for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and MARQUEZ, J., concur.