**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Venoil JOSEPH, Defendant–Appellant.**

No. 94CA0746.

Colorado Court of Appeals, Div. II.

Dec. 7, 1995.

Rehearing Denied Jan. 25, 1996.

Certiorari Denied July 22, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clement P. Engle, Assistant Attorney General, Denver, for Plaintiff–Appellee.

D.L. Bradley, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Venoil Joseph, appeals the trial court's denial of his Crim.P. 35(c) motion challenging the jurisdiction and venue of the trial court and the authority of the district attorney to file an information. We affirm.

In July 1986, defendant committed a series of offenses during a single criminal episode beginning in the City and County of Denver and ending in Arapahoe County. In Denver, after robbing a gas station, defendant commandeered a woman's car in which she and two other women were sitting and drove them to Arapahoe County. There, he released two of the women and sexually assaulted the third. An off-duty police officer, who was driving by, noticed defendant and the woman struggling. Defendant fled the scene and was later arrested.

As a result of that episode, defendant was charged by information in Denver District Court with nine felony counts. All counts were alleged to have occurred in the City and County of Denver with the exception of the sexual assault count which was alleged to have occurred in Arapahoe County.

In February 1987, pursuant to a plea agreement, defendant pled guilty to three counts, one of which was the charge relating to the sexual assault that occurred in Arapahoe County. The other counts were dismissed as a part of the same plea agreement.

## I.

Defendant contends his guilty plea to the charge of sexual assault should be vacated and that count dismissed, arguing that the Denver District Court neither had jurisdiction over the offense nor was the proper venue to try an offense that occurred in Arapahoe County. We disagree.

A person is subject to prosecution in Colorado for crimes committed wholly or partly within the territorial boundaries of the

state. *See* § 18–1–201, C.R.S. (1986 Repl. Vol. 8B). Thus, criminal jurisdiction over felony offenses committed in Colorado extends to all the district courts of Colorado. *See People v. Rice,* 40 Colo.App. 357, 579 P.2d 647 (1978).

■ Venue sets the place of the trial. *See* Colo. Const. art. II, § 16; § 18–1–202, C.R.S. (1986 Repl.Vol. 8B). But, the constitutional and statutory provisions governing venue are solely for the benefit of the defendant and may be waived. *People v. Taylor,* 732 P.2d 1172 (Colo.1987); *People v. Rice, supra.*

■ Once the accused subjects himself or herself to the authority of the court by offering a guilty plea, any further objection to venue is deemed waived. *Vigil v. People,* 135 Colo. 313, 310 P.2d 552 (1957); *see also People v. Sandreschi,* 849 P.2d 873 (Colo.App. 1992) (guilty plea waives all non-jurisdictional defenses).

■ Here, defendant raised no objection to the authority of the Denver District Court when he pled guilty to some of the charges pending against him under the plea bargain. We note that during the providency hearing, the court inquired of the prosecutor as to the propriety of charging the Arapahoe County crime in Denver District Court. The prosecutor responded that the crime was "a continuing thing from Denver." And, despite this interchange between the court and prosecutor, neither defendant nor his counsel raised any objection to the venue of the proceedings. Therefore, defendant waived any objection he might have had to the authority of the Denver District Court to accept his plea to the charge of sexual assault allegedly committed in Arapahoe County.

## II.

Defendant also contends reversal is required because the district attorney for one judicial district lacks authority to charge a crime that was committed in a different judicial district. We perceive no reversible error.

Our state constitution provides that there shall be a duly elected district attorney for each judicial district. Colo. Const. art. VI, § 13. The district attorneys derive their authority through the statutes and case law of our state.

The district attorney is required to appear on behalf of the state and the counties of his or her district in all proceedings within the district in which the state, or the People thereof, may be a party. Section 20–1–102, C.R.S. (1986 Repl.Vol. 8B).

■ As the prosecuting attorney in criminal cases, the district attorney may institute charges against an accused by information or indictment. *See* § 16–5–205, C.R.S. (1986 Repl.Vol. 8A). The district attorney has wide discretion in determining whether to file charges and what charges should be filed. *See People v. Hernandez,* 686 P.2d 1325 (Colo.1984). However, a criminal information must conform to the requirements of applicable rules of criminal procedure. *See* § 16–5–205(3), C.R.S. (1986 Repl.Vol. 8A). Under these rules, an information must be a written document that is signed by a district attorney, must be filed in a court having jurisdiction over the offense charged, and must allege that a person committed the criminal offense described therein. Crim.P. 7(b).

■ An information is considered sufficient if it can be understood that the person who signed it had authority to do so, that the defendant is named or described, that the offense was committed within the jurisdiction of the court or is triable therein, and that the offense charged is described in enough detail for the court to pronounce judgment upon a conviction. *See* § 16–5–202(1), C.R.S. (1986 Repl.Vol. 8A). The overriding concern in determining the sufficiency of an information is whether it is definite enough to inform the defendant of the charges against him or her so as to enable the defendant to prepare an effective defense. *People v. Roberts,* 668 P.2d 977 (Colo.App.1983).

Thus, informations have been found void for various substantive defects. *See Magee v. People,* 79 Colo. 328, 245 P. 708 (1926) (failure to allege essential element of offense); *People v. Thimmes,* 643 P.2d 780 (Colo.App.1981) (failure to specify date and time of crime); *People v. Steiner,* 640 P.2d

250 (Colo.App.1981) (failure to allege commission of offense in Colorado); and *People v. Westendorf,* 37 Colo.App. 111, 542 P.2d 1300 (1975) (failure to allege offense with specificity); *see also People v. Tucker,* 631 P.2d 162 (Colo.1981).

■ However, defects in the form of the information which do not substantially prejudice the rights of the defendant do not render an information void and may be waived by the defendant in the absence of a timely objection. *See People v. Hunter,* 666 P.2d 570 (Colo.1983) (omission of name of victim); *Harris v. People,* 21 Colo. 95, 39 P. 1084 (1895) (amending information to reflect true name of defendant); *People v. Higgins,* 874 P.2d 479 (Colo.App.1994) (omitting standard formal phrase); *People v. Martinez,* 43 Colo. App. 419, 608 P.2d 359 (1979) (adding sentence enhancement allegation).

According to the version of § 18–1–202(7), C.R.S. (1986 Repl.Vol. 8B) in effect in 1986, when multiple crimes are based on the same act or a series of acts arising from the same criminal episode and are committed in several counties, a defendant may be charged in any county in which any one of the offenses could have been tried.

In *People v. Taylor, supra,* our supreme court interpreted the former version of § 18–1–202(7) to allow venue for multiple crimes based upon the same act or series of acts arising from a single criminal episode to be placed in any county in which any one of the individual crimes could have been tried. However, the statute applicable in *Taylor* did not authorize a district attorney for the Fourteenth Judicial District to file a charge of drug possession in Denver that was not a part of an episode involving a conspiracy to sell drugs in Steamboat Springs, Colorado. Hence, a prosecution for conspiracy to distribute in Steamboat Springs did not bar a subsequent prosecution in Denver for possession of drugs not involved in the conspiracy. *People v. Taylor, supra. See also People v. Cortez,* 737 P.2d 810 (Colo.1987) (venue not sustainable in Adams County for theft by receiving property in Denver that was allegedly stolen in an Adams County burglary).

Thus, *Taylor* established that, under former § 18–1–202(7) the district attorney was authorized to file an information in any county in which an offense of a multiple-crime episode occurred only if the counties were within the same judicial district. *Cf.* § 18–1–202(7), C.R.S. (1995 Cum.Supp.) (eliminating requirement of same judicial district).

■ Here, defendant committed separate offenses during a single criminal episode in the City and County of Denver (Second Judicial District) and in Arapahoe County (Eighteenth Judicial District). Under the applicable version of § 18–1–202(7), the district attorney for the City and County of Denver had no authority to file a charge for an offense alleged to have occurred in a different judicial district even though it was part of the same criminal episode.

In contrast to the above law concerning the filing of charges, § 18–1–202(1), C.R.S. (1986 Repl.Vol. 8B) provides that a criminal action may be tried in the county where the offense occurred or in any other county where an act in furtherance of the offense was committed. Moreover, a division of this court has interpreted this section to allow venue to be placed in the county in which the offense was committed or in any county where an act in furtherance of the offense occurred regardless of the judicial district in which the counties are located. *People v. Bobo,* 897 P.2d 909 (Colo.App.1995). *See also People v. Freeman,* 668 P.2d 1371 (Colo. 1983).

Neither *Bobo* nor *Freeman* addresses the issue of the district attorney's authority. However, both require a nexus between the defendant and an act in furtherance in one county which helps promote, advance, or forward the crime charged so as to connect the defendant to the county where the offense occurred to establish proper venue. And, as a preliminary to resolving that issue, the court first must determine if the information alleges sufficient acts in one county in furtherance of the offense committed in the other county. *People v. Bobo, supra.*

■ Here, the questions concerning venue and the authority of the district attorney to file the assault charge must initially be determined solely from the face of the information. *See People v. Steiner,* 640 P.2d 250 (Colo.App.1981) (each count of an information

must stand independent of the others or be incorporated by express reference).

 The information at issue charged defendant with kidnapping the victim in the City and County of Denver and with sexual assault of the same victim in Arapahoe County on the same date. However, the district attorney did not allege that one act actually was done in furtherance of the other. Thus, looking only at the face of the information as it relates to the count of sexual assault, we conclude that venue was not properly laid, and that the Denver District Attorney lacked authority to file the Arapahoe County assault charge.

*People v. Freeman, supra,* and *People v. Bobo, supra,* would allow venue to be placed in a different judicial district so long as acts in furtherance of the offense charged have occurred in that district. However, *People v. Cortez, supra,* and *People v. Taylor, supra,* might be construed as overruling the *Freeman* rule by implication and, thus, as restricting a district attorney's authority to initiate a criminal proceeding to the judicial district he or she is elected to serve. *See also People v. Macrander,* 828 P.2d 234 (Colo.1992); *Wafai v. People,* 750 P.2d 37 (Colo.1988) (district attorney initiates criminal prosecutions for crimes committed within the geographical boundaries of his or her judicial district). *But see* § 18–1–202(7), C.R.S. (1995 Cum.Supp.) (offender in multiple crimes based on series of acts arising from a single criminal episode committed in several counties may be tried in any county in which any of the individual crimes could have been tried, regardless whether the counties are in the same judicial district).

Even if we assume that *People v. Taylor, supra,* and *People v. Cortez, supra,* conclusively establish that, under former § 18–1–202, a district attorney had no authority to prosecute criminal conduct that occurred outside the geographical limits of his or her judicial district, we nevertheless conclude that, just as a defendant may waive objections to venue, he or she may also waive any objection to the authority of the district attorney to bring a criminal charge. *See Vigil v. People, supra; People v. Sandreschi, supra;* cf. §§ 18–1–202(7) & 18–1–202(11), C.R.S. (1995 Cum.Supp.). Hence, if an information is sufficient to state a charge and to assure fundamental fairness to a defendant, objections both to formal defects and to defects relating to geographical deficiencies involving improper venue or to the district attorney's authority to bring or prosecute a charge must be timely made or they will be deemed waived.

Defendant does not challenge the sufficiency of the information to charge a crime committed in Colorado. The information also apprised defendant that the challenged sexual assault occurred in Arapahoe County. The court's inquiry and the district attorney's response concerning the propriety of bringing the Arapahoe County charge in Denver District Court provided adequate notice to defendant and his counsel to prompt an objection concerning the authority of the Denver District Attorney to file or prosecute criminal conduct that allegedly occurred outside the regional boundaries of his district.

Thus, we conclude that defendant's entry of a plea of guilty to the charge of sexual assault and his failure to raise a timely objection to the district attorney's authority effected a waiver of his right to object to the defects now asserted.

The order is affirmed.

PLANK and KAPELKE, JJ., concur.