The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

David Harold SHACKLEY,
Defendant–Appellee.

No. 10SA274.

Supreme Court of Colorado,
En Banc.

March 28, 2011.

Carol Chambers, District Attorney, Eighteenth Judicial District, Andrew Cooper, Chief Deputy District Attorney, Centennial, CO, for Plaintiff–Appellant.

Nathan Weeks, Aurora, CO, for Defendant–Appellee.

Justice MÁRQUEZ delivered the Opinion of the Court.

The People brought an interlocutory appeal pursuant to sections 18–1–202(11) and 16–12–102(2), C.R.S. (2010), challenging the trial court's order to transfer the underlying Arapahoe County criminal case for lack of venue. We conclude that under section 18–1–202(1), C.R.S. (2010), venue is proper in Arapahoe County in this case and the trial court erroneously transferred the matter to Adams County. We therefore reverse and remand with directions to return the case to Arapahoe County.

### I.

Arapahoe County prosecutors charged defendant David Harold Shackley with voting twice in violation of section 1–13–710, C.R.S. (2010).[1] Prosecutors allege that Shackley was registered to vote in Arapahoe County, where he resided. Prior to the November 2009 election, Shackley allegedly moved and changed his voter registration to Adams County. According to the People, Shackley nevertheless received and voted an Arapahoe County mail-in ballot, then voted a second time by mail-in ballot in Adams County. The People's discovery materials included copies of two signed mail-in ballot envelopes indicating that Shackley cast his first vote in Arapahoe County on October 13, 2009, and his second vote in Adams County on October 21, 2009.

Shackley challenged venue as improper in Arapahoe County, filing a written motion in accordance with section 18–1–202(11). Relying on the People's discovery materials, Shackley argued that venue for the offense of voting twice was proper only in Adams County, where he allegedly cast the illegal second vote. The trial court agreed with Shackley and transferred the case to Adams County. After filing an unsuccessful motion to reconsider with the trial court, Arapahoe County prosecutors filed an interlocutory appeal with this Court under sections 18–1–202(11) and 16–12–102(2).[2]

### II.

■ Under article II, section 16 of the Colorado Constitution, a defendant has the right to "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Under section 18–1–202, C.R.S. (2010), the general statute governing venue in criminal cases, any challenge to venue is to be resolved by the court prior to trial and selection of the jury. § 18–1–202(11). If the court finds that trial is not proper in the county in which the charges were filed, the court must transfer the case to a court of appropriate jurisdiction in the proper county. *Id.; People v. Reed*, 132 P.3d 347, 350 (Colo.2006).

■ Upon a party's written motion, a criminal court may order a change of venue where the court determines in its sound discretion that a fair or expeditious trial cannot be had in the county or district in which the trial is pending. §§ 16–6–101(a), –101(b), –102, C.R.S. (2010); Crim. P. 21; *Reed*, 132 P.3d at 351; *Wafai v. People*, 750 P.2d 37, 44 (Colo.1988). A criminal court may also order a change of venue where the parties stipulate to a change of the place of trial to another county in the same judicial district or to a county in an adjoining judicial district. § 16–6–101(c), C.R.S. (2010). Absent such grounds, however, the propriety of venue is a matter of fact and law, not the trial court's discretion. *Reed*, 132 P.3d at 351. That is, a criminal court does not have the inherent

---

1. Section 1–13–710 provides:

   Any voter who votes more than once or, having voted once, offers to vote again or offers to deposit in the ballot box more than one ballot shall be punished by a fine of not more than five thousand dollars or by imprisonment in the county jail for not more than eighteen months, or by both such fine and imprisonment.

2. While district courts hear appeals of county courts' final judgments under section 13–6–310, C.R.S. (2010), and also hear those interlocutory appeals enumerated in Crim. P. 37.1(a), the pretrial determination of venue is neither a final judgment nor a matter listed in Crim. P. 37.1(a). Therefore, the People's interlocutory appeal is proper in this Court under sections 18–1–202(11) and 16–12–102(2).

power to transfer a criminal prosecution from a county in which the legislature has deemed it triable "merely because the court considers another county to be a more appropriate venue or more easily established as a proper situs of the offense." *Id.*

■ In this case, the factual issues for purposes of determining venue are not in dispute. Therefore, we review the trial court's legal conclusion de novo.

### III.

■ Section 18–1–202(1) provides that a criminal action "shall be tried in the county where the offense was committed, or in *any other county where an act in furtherance of the offense occurred.*" (Emphasis added.)

■ We have acknowledged that the "act in furtherance of" language of section 18–1–202(1) serves to expand the situs of the crime beyond the location of the causative criminal conduct or proscribed result, and includes any county where an act in furtherance of the offense occurred. *People v. Taylor,* 732 P.2d 1172, 1177 (Colo.1987); *see also People v. Bobo,* 897 P.2d 909, 913 (Colo.App.1995) (concluding that "an act in furtherance of an offense requires that there be some conduct by defendant connecting him or her to the county which helps forward, advance, or promote the crime charged"). An "act in furtherance" therefore includes not only an act necessary to the commission of the offense but may encompass other conduct closely related to an overall criminal scheme. In *People v. Freeman,* 668 P.2d 1371 (Colo. 1983), for example, we determined that the sale of stolen property was an "act in furtherance of" felony murder, where the disposition of the property was closely related to the defendant's overall criminal scheme of obtaining stolen vehicles by means of rob-

bery, kidnapping, and murder. *Id.* at 1380. Thus, we held venue was proper in Jefferson County for a felony murder that occurred in Denver County, even though the only act that occurred in Jefferson County was the subsequent sale of the stolen vehicle. *Id.* at 1380–81.

In the present case, Shackley's first vote is plainly conduct necessary to the commission of the offense of voting twice. By casting his first ballot in the 2009 election in Arapahoe County, Shackley performed an "act in furtherance of" the offense of voting twice. Thus, although venue would be proper in Adams County, where Shackley allegedly committed the offense by casting the second ballot, venue is equally proper in Arapahoe County where the complaint was originally filed.[3] Because Shackley presented no other grounds for transferring venue under section 16–6–101 or Crim. P. 21, and venue was otherwise proper under section 18–1–202(1), the trial court erred by transferring the case to Adams County.

### IV.

We hold that venue in this case is proper in Arapahoe County under section 18–1–202(1). Under the circumstances presented, the trial court lacked discretion to transfer the case to Adams County. Accordingly, we reverse the trial court's order granting the change of venue, and remand with directions to return the case to Arapahoe County.

---

**3.** In the alternative, the People argue that, by casting his first vote in Arapahoe County, Shackley committed an "element" of the offense of voting twice under section 1–13–710. The People contend that the commission of "some element" of an offense in a county necessarily constitutes the commission of the offense for purposes of determining venue. Because we conclude that venue is proper under the broader "act in furtherance" language of section 18–1–202(1), we do not reach this alternative argument.